275 N.J. Super. 286 (1994)
645 A.2d 1272
SUSAN TAYLOR-SEGAN, PLAINTIFF-RESPONDENT,
v.
GANESH P. RAJAGOPAL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 15, 1993.
Decided August 5, 1994.
*287 Before Judges KING, ARNOLD M. STEIN and ARIEL A. RODRIGUEZ.
Schwartz, Tobia & Stanziale, attorneys for appellant (Robert S. Moraff, of counsel and on the brief).
Shaljian, Cammarata & O'Connor, attorneys for respondent (Mary K. Costello, on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
We granted leave to appeal from the Law Division judge's order denying defendant's summary judgment motion. The judge ruled that plaintiff, an out-of-state resident with no-verbal-threshold coverage in her auto insurance policy, was not required to satisfy *288 the verbal threshold requirements set forth in N.J.S.A. 39:6A-8a. We reverse.
Plaintiff's case involves application of New Jersey's "deemer" statute, N.J.S.A. 17:28-1.4. That statute provides that nonresident auto owners insured by companies licensed to operate in this state are subject to the verbal threshold limitations of N.J.S.A. 39:6A-8a[1] if the insured vehicle is used or operated in New Jersey. The pertinent part of the statute provides:
Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of section 1 of P.L. 1972, c. 197 (C. 39:6B-1) or section 3 of P.L. 1972, c. 70 (C. 39:6A-3), the uninsured motorist insurance requirements of subsection a. of section 2 of P.L. 1968, c. 385 (C. 17:28-1.1), and personal injury protection benefits coverage pursuant to section 4 of P.L. 1972, c. 70 (C. 39:6A-4) or of section 19 of P.L. 1983, c. 362 (C. 17:28-1.3), whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, and any immediate *289 family member as defined in section 14.1 of P.L. 1983, c. 362 (C. 39:6A-8.1), under that policy, shall be subject to the tort option specified in subsection a. of section 8 of P.L. 1972, c. 70 (C. 39:6A-8).

[N.J.S.A. 17:28-1.4 (emphasis added).]
Plaintiff, a Pennsylvania resident, sued defendant, a New Jersey resident, for injuries claimed to have resulted when the two automobiles collided in Jersey City. Her auto insurance policy was written in Pennsylvania by Kemper Insurance Co. which also writes auto insurance in New Jersey. She had elected the Pennsylvania "full tort" coverage, which permitted her to "seek financial compensation for pain and suffering or other nonmonetary damages, as a result of injuries caused by other drivers." 75 Pa. Cons. Stat. Ann. § 1791.1(b).
Pennsylvania and New Jersey both require automobile insurance carriers to provide "full tort" and "verbal threshold" or "limited tort" options. 75 Pa. Cons. Stat. Ann. § 1705(a)(1); N.J.S.A. 39:6A-8. In both jurisdictions, under the limited tort or verbal threshold option (option a), the insured can recover for pain and suffering and other noneconomic losses in very limited circumstances. 75 Pa. Cons. Stat. Ann. § 1705(a)(1)A; N.J.S.A. 39:6A-8a. Under the full tort or no threshold option (option b), the policy holder has the unrestricted right to sue for pain and suffering and for other nonmonetary losses. 75 Pa. Cons. Stat. Ann. § 1705(a)(1)B; N.J.S.A. 39:6A-8b. In New Jersey, the policy holder's failure to expressly elect either tort option is considered as an election of the verbal threshold option. N.J.S.A. 39:6A-8.1b. In Pennsylvania, the policy holder's failure to elect either tort option is considered as an election of the full tort option. 75 Pa. Cons. Stat. Ann. § 1705(a)(1)E.
The deemer statute has withstood previous constitutional challenge. Watkins v. Davis, 259 N.J. Super. 482, 614 A.2d 189 (Law Div. 1992), aff'd, 268 N.J. Super. 211, 633 A.2d 112 (App.Div. 1993). Watkins involved a New Jersey accident between plaintiff, a Pennsylvania resident, and defendant, a New Jersey resident. Id. 259 N.J. Super. at 485-86, 614 A.2d 189. Plaintiff was insured with Aetna Life and Casualty Co. through a policy issued in Pennsylvania. *290 Aetna was also authorized to issue automobile insurance policies in New Jersey. Id. at 486, 614 A.2d 189. At the time of the accident, Pennsylvania did not have a verbal threshold statute. Ibid. Judge Bernhard correctly pointed out that the deemer statute was subject to the least stringent "rational basis" test for the purposes of equal protection analysis, i.e., that the statute must be rationally related to the achievement of a legitimate state interest. Id. at 488-89, 614 A.2d 189; see also Phillips v. Phillips, 267 N.J. Super. 305, 320, 631 A.2d 564 (App.Div. 1993) (verbal threshold option in no-fault statute bears rational relationship to a legitimate state objective). In Watkins, supra, Judge Bernhard determined:
Whether the purpose of this statute was to: 1) lower the insurance premiums of New Jersey insureds; 2) materially reduce the number of auto-related personal injury cases litigated in the courts; 3) make no-fault PIP benefits available to all people injured in automobile accidents in New Jersey without raising the general level of premiums; and/or all of the above; it is clear that these are legitimate state interests to which the statute is rationally related.

N.J.S.A. 17:28-1.4 not only subjects the class in question to the "verbal threshold" of N.J.S.A. 39:6A-8.1(a), it construes the "out-of-state" policy as providing the more expansive coverage required under New Jersey No-Fault Law (ie. liability insurance requirements, uninsured motorist insurance requirements and personal injury protection benefits coverage). There is a rational basis for imposing upon this class the verbal threshold, even though they do not have the opportunity to elect the "no-threshold", as these individuals are receiving the benefit of a more comprehensive series of benefits without regard to fault under New Jersey law.
[259 N.J. Super. at 491, 614 A.2d 189.]
Judge Bernhard noted, but did not decide, the situation presented by this case:
As a side note however, this court is somewhat troubled with a scenario it foresees occurring in the future where an out-of-state insured subject to the verbal threshold pursuant to N.J.S.A. 17:28-1.4 in fact elected a "no threshold" option in a foreign state policy pursuant to foreign state law similar or identical to New Jersey law. The result under that scenario, where the insured would be deemed to have elected the "verbal threshold" option even though the "no threshold" option was actually elected, seem somewhat anomalous.
[Id. at 492, 614 A.2d 189.]
We understand plaintiff's view that the deemer statute treats her unfairly just because she is a Pennsylvania resident. If the accident had occurred in Pennsylvania, plaintiff's auto policy would *291 have afforded her full tort coverage, without limitation, for her economic and noneconomic losses, including pain and suffering. If plaintiff had resided in New Jersey and elected the identical full tort option available to her in New Jersey, she would have had the benefit of no threshold coverage for a New Jersey auto accident. Her contention is that she should not be deprived of the benefits of the full tort coverage for which she paid an extra premium and which is available to a New Jersey resident, just because the accident happened in this state. That distinction "does not dictate a finding that the classification in question is unconstitutional." Id. at 491, 614 A.2d 189.
The United States Court of Appeals for the Third Circuit has upheld the statute as constitutional in Dyszel v. Marks, 6 F.3d 116 (3d Cir.1993), a decision involving two cases with virtually the same facts as this case. Plaintiffs were Pennsylvania residents who claimed injuries arising from accidents that occurred in New Jersey with New Jersey residents. Id. at 121-22. In both instances, the Pennsylvania plaintiffs were covered by an auto liability insurance policy written in their own state by a company which was also authorized to issue automobile liability policies in New Jersey. Id. at 122. There is nothing in the Dyszel opinion which indicates whether either plaintiff had selected the full tort option under their Pennsylvania policies. The court nevertheless addressed the equal protection issue:
Plaintiffs' equal protection rights have not been transgressed. Section 39:6A-8 provides that New Jersey residents must choose between the verbal and full tort options, 8(a) and (b), respectively. Residents who choose the verbal option lose their right to sue for non-economic loss unless they meet one of the exceptions listed in 8(a). Under the deemer statute, residents of other states who have insurance with companies doing business in New Jersey receive significant benefits as well as certain limitations, such as losing the cause of action for non-economic injuries. For example, the deemer statute ensures that most out-of-state drivers who become involved in accidents in New Jersey receive uninsured motorist protection and $250,000 of personal injury protection. In return for this protection, out-of-state residents who have insurance with companies doing business in New Jersey are required to meet the standards of New Jersey's verbal threshold law in order to sue for non-economic injuries.
[Id. at 126-27 (footnotes omitted).]
*292 The following language from Dyszel best captures the rational basis for the Legislature's decision to preclude certain out-of-state residents who operate autos in New Jersey from recovering for noneconomic losses unless the verbal threshold requirements have been met:
There is also a clear rational basis to support the Legislature's determination that out-of-state residents who operate autos in New Jersey should be precluded from recovering for non-economic loss unless the verbal threshold is satisfied. Inherent in the no-fault system is a statutory right to recover damages without the need to satisfy a threshold. The cost of such recovery must be paid out of the auto insurance system. Appellants, and those who would fall into their category, are not New Jersey insured[s]. As such, they are not in a position to finance the cost of non-threshold coverage. Given this situation and the Legislature's desire to reduce or contain the cost of auto insurance, the legislative judgment was rationally consistent with the purpose of the statute. Furthermore, if the broadest coverage (no threshold) was provided to persons who did not pay for it, then the added cost to the insurer would have to be borne by others, namely consumers who purchase auto insurance. The Legislature reasonably concluded that such a situation would not foster reduced auto insurance premiums.

[Id. at 127 (emphasis added in last two sentences).]
As we pointed out in New Jersey State Bar Ass'n v. Berman, 259 N.J. Super. 137, 611 A.2d 1119 (App.Div. 1992): "The federal equal protection clause does not require that government treat all persons identically; it requires that differences in treatment of persons similarly situated be justified by appropriate state interest." Id. at 146, 611 A.2d 1119.
Finally, we conclude that the deemer statute is not unconstitutional because its threshold limitation applies only where the out-of-state resident is insured by a company licensed to do business in New Jersey. "[I]mperfect classifications that are part of a reasonable legislative scheme do not violate the equal protection clause." Watkins v. Davis, supra, 259 N.J. Super. at 491, 614 A.2d 189 (citing Barone v. Department of Human Servs., 107 N.J. 355, 367, 526 A.2d 1055 (1987)).
Reversed and remanded. Defendant may renew his summary judgment motion for the Law Division to determine whether plaintiff's lawsuit satisfies any of the limitations of the verbal threshold provisions of N.J.S.A. 39:6A-8a.
NOTES
[1] This section limits the recovery of noneconomic losses to nine categories or "types" of injuries:

TYPE 1: death;
TYPE 2: dismemberment;
TYPE 3: significant disfigurement;
TYPE 4: a fracture;
TYPE 5: loss of a fetus;
TYPE 6: permanent loss of use of a body organ, member, function or system;
TYPE 7: permanent consequential limitation of use of a body organ or member;
TYPE 8: significant limitation of use of a body function or system;
TYPE 9: a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.
[N.J.S.A. 39:6A-8a; Oswin v. Shaw, 129 N.J. 290, 314-15, 609 A.2d 415 (1992).]