671 A.2d 163

LOUIS SCOTT WHITAKER AND LAURA WHITAKER, HIS WIFE, PLAINTIFFS–APPELLANTS, v. RONALD A. DEVILLA, ROMEO A. DEVILLA, JOHN DOE NOS. 1–10 (FICTITIOUS PERSONS) AND ABC CORPORATION NOS. 1–10 (FICTITIOUS ENTITIES), DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 6, 1995—Decided February 15, 1996.

Before Judges SHEBELL, STERN and WALLACE.

*Eugene M. Purcell* argued the cause for Louis Scott Whitaker and Laura Whitaker (*Purcell, Ries, Shannon, Mulcahy & O'Neill,* attorneys; *Kathleen J. Devlin* and *Andrew L. Indeck,* on the brief; *Mr. Purcell* and *Mr. Indeck,* of counsel).

*Lisa Miller* argued the cause for Ronald A. Devilla and Romeo A. Devilla (*Michael D. Blythe,* attorney, on the brief).

*Deborah T. Poritz,* Attorney General of New Jersey, filed a brief pursuant to *R.* 4:28–4(a) (*Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Carla D. Williams,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

In this personal injury action arising out of an automobile accident, plaintiffs, Louis Scott Whitaker and Laura Whitaker, his wife, appeal the granting of summary judgment in favor of defendants, Ronald A. Devilla and Romeo Devilla, based on plaintiffs' failure to meet the verbal threshold.

On June 19, 1992, plaintiff, Louis Scott Whitaker,[1] suffered injuries when his car was hit from behind by a car owned by Romeo Devilla and operated by Ronald A. Devilla, on Route 518 in Montgomery Township. Plaintiff is a resident of Pennsylvania and is covered by a Pennsylvania automobile insurance policy issued by Prudential Property and Casualty Insurance Company, which is licensed to operate in the State of New Jersey. Plaintiff elected the "full tort" option (comparable to New Jersey's "no threshold" coverage) and paid a higher premium for such coverage.

On October 5, 1994, defendants moved for summary judgment asserting that plaintiffs' action was subject to the "verbal threshold," pursuant to the New Jersey Deemer Statute, *N.J.S.A.* 17:28–1.4, and plaintiffs failed to meet that threshold. Defendants' motion was granted on February 7, 1995.

We agree that plaintiff failed to meet the verbal threshold requirements for the reasons expressed by the trial judge in her written decision of February 7, 1995, in which she held that "plaintiff's proofs do not suffice to carry him beyond the verbal threshold." However, we reverse the granting of summary judgment, as we find that the New Jersey Deemer Statute (*N.J.S.A.* 17:28–1.4) does not bar plaintiff's claim because plaintiff elected comparable "no threshold" coverage with a company licensed to do business in New Jersey.

Under New Jersey's Deemer Statute, a person insured under an automobile policy issued in another state, by a company

---

[1] Hereafter plaintiff refers to Louis Scott Whitaker.

licensed to do business in New Jersey, will be "deemed" to have chosen and "shall be subject to the tort option specified in *N.J.S.A.* 39:6A–8(a)," the verbal threshold. *N.J.S.A.* 17:28–1.4. If the company is not licensed to do business in this State, the Deemer provision does not bar a claim for non-economic losses by the non-resident. *Ibid.; Taylor–Segan v. Rajagopal,* 275 *N.J.Super.* 286, 292, 645 *A.*2d 1272 (App.Div.1994).

However, under New Jersey Law, New Jersey insureds must elect between a "verbal threshold" automobile policy and a "no threshold" automobile policy. *See N.J.S.A.* 39:6A–8. Under *N.J.S.A.* 39:6A–8(b), if a New Jersey insured elects "no threshold" coverage, he or she pays an additional premium, and has a right to recover for non-economic loss (pain and suffering) arising out of an automobile accident. *N.J.S.A.* 39:6A–8(b). If, however, the insured elects the basic "verbal threshold" coverage, the insured pays less than under a "no threshold" policy and cannot recover for non-economic loss as a result of bodily injury *unless* the injuries and disabilities sustained satisfy at least one of nine statutorily enumerated categories. *N.J.S.A.* 39:6A–8(a).

We disagree with plaintiff's contention that the Deemer provision of *N.J.S.A.* 17:28–1.4 is unconstitutional because it "denies equal protection to a certain class of people, namely, out-of-state automobile drivers that operate an automobile in New Jersey and whose insurance carriers are authorized to transact or do business in New Jersey." *See Taylor–Segan, supra,* 275 *N.J.Super.* 286, 645 *A.*2d 1272. We need not decide if it would be unconstitutional as applied to plaintiff, by violating his right to Equal Protection, as he, although an out-of-state resident, did in fact select the "no threshold option through a carrier licensed to do business in New Jersey."

Applying the "verbal threshold," however, to non-residents, such as the plaintiff, who specifically elect and pay for the broader coverage through a New Jersey company, does not advance the Legislature's, or the Governor's, intent of containing costs of automobile insurance by allowing recovery for "non-economic"

damages only to those who pay for "no threshold" access to the courts. *See Governor's Reconsideration and Recommendation Statement, Senate No.* 2637–L.1988, c. 119 (Statement pertains to both Deemer Statute and amendment to *N.J.S.A.* 39:6A–8(a)). There is no basis shown in the present case to distinguish between a New Jersey resident who pays a New Jersey insurance company for "no threshold" coverage and an out-of-state resident who opts for substantially the same coverage with the same insurance company.

In any event, the result would be anomalous. Consider next-door neighbors living just over the border in a contiguous state. One pays for "no threshold" coverage with an insurance company authorized to do business in New Jersey, while his neighbor obtains his insurance from a company not so authorized, and does not pay for the greater coverage. If the Deemer provision is interpreted as applying to the first, he cannot recover for non-economic damages if he is injured in an automobile accident occurring here, but his neighbor, who has not paid the greater premium can recover non-economic loss without regard to the verbal threshold. We can not attribute so absurd and unnecessary an intention to our Legislature, particularly where the New Jersey authorized insurance company can probably control the optional premium for the "no threshold" coverage just as easily as it does with a New Jersey resident. "A statute is not to be given an arbitrary construction, according to the strict letter, but rather one that will advance the sense and meaning fairly deducible from the context. The reason of the statute prevails over the literal sense of its terms." *Lesniak v. Budzash,* 133 *N.J.* 1, 14, 626 *A.*2d 1073 (1993) (quoting *Wene v. Meyner,* 13 *N.J.* 185, 197, 98 *A.*2d 573 (1953)); *see also Loftus v. Smith,* 286 *N.J.Super.* 477, 487 (App.Div.1996).

We conclude that the language employed by the Legislature in the Deemer provision, *N.J.S.A.* 17:28–1.4, was inadvertently over-broad and was not intended to restrict the rights of persons such as the present plaintiffs. We reverse and remand.