674 A.2d 1106

**Alan R. and Amy A. TRESKI and Joseph and Patricia Tracy and William and Josephine Schneider, on behalf of themselves and all others similarly situated, Appellants,**

**v.**

**KEMPER NATIONAL INSURANCE COMPANIES d/b/a American Motorists Insurance Company and CNA Insurance Companies d/b/a Continental Casualty Co. and General Accident Co. of America, on behalf of themselves and all others similarly situated, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1996.

Filed April 8, 1996.

Jay S. Cohen, Lower Gwynedd, for appellants.

James C. Haggerty, Philadelphia, for Kemper National Insurance, appellee.

James Nyeste, Chicago, IL, for Continental Casualty, appellee.

Before BECK, HUDOCK and JAMIESON, JJ.

HUDOCK, Judge:

In this appeal we must decide whether Appellants have standing to assert a cause of action against Appellee insurance companies for an alleged violation of the Uniform Trade Practices and Consumer Protection Law (UTPCPL) and negligent misrepresentation. Finding that Appellants are not "aggrieved persons" and thus lack standing, we affirm the trial court's order which sustained Appellees' preliminary objections and dismissed Appellants' bilateral class action complaint.

Appellants, three married couples who reside in Pennsylvania and purchased automobile insurance policies from the Appellee insurance companies,[1] (Insurers) filed a class action suit on September 29, 1994 against the named insurers and all other similarly situated insurance companies. Appellants raised two counts, one based on an alleged violation of the UTPCPL, 73 P.S. section 201–1 *et seq.*, and one based on negligent misrepresentation. Appellants explained in their complaint that when they purchased their automobile insurance policies, the respective insurer advised them that they could purchase either "full tort" or "limited tort" coverage as defined in the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. section 1701 *et seq. See* 75 Pa.C.S.A. section 1705(c) and (d) for an explanation of full tort and limited tort alternatives. Each respective insurer gave Appellants the required statutory notice set forth in 75 Pa. C.S.A. section 1791.1(b), which advised them of their right to elect the full tort or limited tort option. The form notice of tort options given to Appellants stated:

The laws of the Commonwealth of Pennsylvania give you the right to choose either of the following two tort options:

**A. "Limited Tort" Option**—This form of insurance limits your right and the rights of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury," as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

**B. "Full Tort" Option**—This form of insurance allows you to maintain an unrestricted right for yourself and other

1. Alan and Amy Treski purchased their insurance from Kemper National Insurance Company, doing business as American Motorists Insurance Company. Joseph and Patricia Tracy purchased their automobile insurance policy from CNA Insurance doing business as Continental Casualty Co. and William and Josephine Schneider obtained a policy from General Accident Company of America.

members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy **may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering or other nonmonetary damages as a result of injuries caused by other drivers.**

If you wish to change the tort option that currently applies to your policy, you must notify your agent, broker or company and request and complete the appropriate form.

75 Pa.C.S.A. § 1791.1(b) (emphasis added).

Appellants signed the notice and selected the full tort option under section 1705(a)(1)(B). Under this full tort option Appellants preserved an "unrestricted right" to seek all alleged tort damages including non-economic damages for pain and suffering. *See* 75 Pa.C.S.A. § 1705(a)(1)(B) and § 1705(c). By choosing the full tort option, Appellants agreed to pay a higher premium in exchange for more comprehensive tort coverage. If Appellants had chosen the limited tort option, they would have paid lower insurance premiums, but would be unable to recover for non-economic damages unless they suffered a "serious injury" as defined by section 1702 of the MVFRL. *See* 75 Pa.C.S.A. § 1705(d).

Appellants brought suit on behalf of themselves and all similarly situated persons and businesses residing in southeastern Pennsylvania who purchased automobile insurance policies from Appellees or any member of the defendant class and elected the full tort option since July 1, 1990.[2] Appellants Joseph and Patricia Tracy also brought the action on behalf of a sub-class of Pennsylvania policyholders who were injured in an automobile accident in New Jersey since July 1, 1990 and whose full tort policy claim was denied because of the New Jersey law, N.J.S.A. 17:28–1.4, known as the "Deemer Stat-

2. Section 1791.1 sets forth the statutory notice and requires insurers to disclose premium charges and tort options. It was effective February 7, 1990 and applied to all policies issued or renewed on and after July 1, 1990. 75 Pa.C.S.A. § 1791.1, Historical and Statutory Notes.

ute." [3] Appellants defined the defendant class as "all insurance companies who have issued automobile insurance policies in Pennsylvania with the full tort option since July 1, 1990 and have also coextensively issued automobile insurance policies in the state of New Jersey during that time frame." *See* Appellants' Complaint, ¶ 14.

Similar to the Pennsylvania MVFRL, New Jersey law provides insureds two options of tort recovery—full tort or basic tort. The basic tort option, also known as the "verbal threshold" option, is similar to the Pennsylvania limited tort option as it limits the insured's right to recover for non-economic damages unless the injuries sustained satisfy at least one of nine statutorily enumerated categories. N.J.S.A. 39:6A–8(a). The full tort option in New Jersey, also known as "no threshold", is analogous to the Pennsylvania full tort coverage. This option allows the insured to recover for all damages, including pain and suffering, without any proof of a serious injury. N.J.S.A. 39:6A–8(b). Unlike section 1705(a)(3) of the Pennsylvania MVFRL, if an insured fails to make an election of tort recovery in New Jersey, he is presumed to have chosen the basic tort or verbal threshold coverage. *See* N.J.S.A. 39:6A–8.

The New Jersey Legislature also enacted a provision in its motor vehicle law known as the Deemer statute, which pre-

3. N.J.S.A. 17:28–1.4 provides:

> Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of section 1 of P.C. 1972, c. 197 (C. 39:6B–1) or section 3 of P.C. 1972, c. 70 (C. 39–6A–3), the uninsured motorist insurance requirements of subsection a. of section 2 of P.L. 1972, c. 70 (C. 39:6A–4) or of section 19 of P.L. 1983, c. 362 (C. 17:28–1.3), whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
>
> Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, any immediate family member as defined in section 14.1 of P.L.1983, c. 362 (C. 39:6A–8.1), under that policy, shall be subject to the [verbal threshold] option specified in subsection a. of section 8 of P.L.1972, c. 70 (C 39:6A–8).

cludes non-resident insureds from selecting the full tort recovery. *See supra* n. 3. The effect of the Deemer statute is to subject out of state drivers to a verbal threshold which requires an injured plaintiff to prove serious injury before he may pursue civil damages for non-economic loss if the insured's insurance carrier is authorized to issue motor vehicle liability insurance coverage in New Jersey. All non-resident insureds who purchase insurance from a company licensed in both New Jersey and in their home state are "deemed" by operation of law to have selected the basic tort option under New Jersey law. This statute only applies if the non-resident insured purchased their policy from an insurance company which is licensed in New Jersey and another state in the U.S. or a province of Canada. If the insurer is not licensed to do business in New Jersey, the Deemer statute does not bar a non-resident's claim for non-economic losses.

In Count I of their complaint, Appellants averred that Insurers engaged in unfair or deceptive acts or practices in violation of the Pennsylvania UTPCPL, 73 P.S. section 201–2(4). Appellants alleged that Insurers failed to adequately inform them of the effect of the New Jersey Deemer statute on their ability to recover for non-economic losses if they were injured in an accident in New Jersey. Appellants claimed that Insurers, who were authorized to transact insurance business in New Jersey and sold them a policy in Pennsylvania, knew that despite the election of full tort under the Pennsylvania MVFRL, Appellants would not be permitted to recover damages for non-economic losses in New Jersey unless they met the verbal threshold by sustaining a serious injury. Appellants claimed that the notice Insurers provided them, which stated that they would have the "unrestricted right" to sue for non-economic injuries, was deceptive in that it did not fully disclose that the New Jersey Deemer statute would limit their full tort recovery. Specifically, Appellants claimed that Insurers violated section 201–2(4)(v) and (vii) of the UTPCPL which define unfair or deceptive acts or practices as:

> (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or

quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

* * * * * *

(vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another[.]

73 P.S. §§ 201–2(4)(v) and (vii).

Appellants also averred in Count II of the complaint that Insurers negligently misrepresented the extent of full tort coverage they would be entitled to in New Jersey. Appellants claimed that they were induced to purchase automobile insurance from Insurers with full tort coverage based on the misrepresentation that they would have the unrestricted right to recover for pain and suffering. Appellants sought money damages to reimburse them for the higher premiums they paid for full tort recovery without knowing that their recovery might be limited if New Jersey law applied. In addition to compensatory damages Appellants requested a declaratory judgment against Insurers forcing them to advise their policyholders regarding "the effect and nature of the New Jersey Deemer Statute as it applies to the election of the full tort option in Pennsylvania[.]" *See* Appellants' Complaint, Prayer for Relief.

Insurers filed preliminary objections asserting numerous objections, including: (1) lack of subject matter jurisdiction based on Appellants' failure to exhaust administrative remedies; (2) Appellants' lack of standing; (3) Appellants' case was not ripe for judicial review; (4) a demurrer based on the fact that Insurers had no legal duty to explain New Jersey law to the policyholders; (5) a demurrer based on Insurers' statutory immunity; (6) a motion to strike for failure to join a cause of action and (7) a motion to strike for failure to join necessary parties. Appellants filed an amended class action complaint on December 22, 1994 and Insurers refiled their preliminary objections to the amended complaint. After oral argument and submission of briefs, the trial court sustained two of

Insurers' preliminary objections and dismissed Appellants' complaint in an order dated August 11, 1995. The trial court found that Appellants lacked standing and the case was not ripe for review. Secondly, the court granted a demurrer on the basis that Insurers had no legal duty to advise Appellants of the effects of the New Jersey statute. The trial court refused to reconsider its decision and filed a supplemental opinion in support of its order on September 25, 1995. This appeal followed. We will limit our review to the issues of standing, ripeness, and Insurers' lack of duty to warn Appellants of the effect of the New Jersey Deemer statute.

We begin with the issue of whether Appellants had standing to bring a class action suit against Insurers. Before a party may seek judicial relief he must have standing to maintain the action. *Beers v. Commonwealth, Unemployment Compensation Board of Review,* 534 Pa. 605, 609–12, 633 A.2d 1158, 1160–61 (1993).

> The law of standing provides that one cannot invoke the jurisdiction of the court to enforce private rights or to maintain a civil action for the enforcement of such rights, unless he or she has, in an individual or representative capacity, some real interest in the cause of action, or a legal right, title or interest in the subject matter or controversy.

*Jackson v. Garland,* 424 Pa.Super. 378, 383, 622 A.2d 969, 971 (1993). A person who is not adversely affected in any way by the matter he seeks to challenge is not an "aggrieved party" and has no standing to obtain judicial relief. *D'Amelio v. Blue Cross of Lehigh Valley,* 414 Pa.Super. 310, 314, 606 A.2d 1215, 1217 (1992). To qualify as an "aggrieved party" the person must "(a) have a substantial interest in the subject-matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence." *Beers,* 633 A.2d at 1161 (*quoting South Whitehall Township Police Service v. South Whitehall Township,* 521 Pa. 82, 86, 555 A.2d 793, 795 (1989)). "[T]o justify judicial intervention, a party must allege a recognizable, adverse effect to himself and a close causal nexus between the injury and the challenged conduct." *American Booksellers Association, Inc. v. Rendell,*

332 Pa.Super. 537, 554, 481 A.2d 919, 927 (1984) (footnote omitted). To prove a substantial interest the party must demonstrate a discernible adverse effect to his interests which surpasses the common interest of all citizens in procuring obedience to the law. *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 282 (1975). To be "immediate" there must be a causal connection between the conduct complained of and the aggrieved person's injury. *In re Interest of Garthwaite,* 422 Pa.Super. 280, 281–85, 619 A.2d 356, 357–58 (1993).

▆ Applying the above cited standards, the trial court found that Appellants were not aggrieved parties and thus lacked standing. The trial court explained:

> The Treski and Schneider plaintiffs have not actually been affected by any alleged difference in their insurance coverage, as they have not been involved in any car accidents in New Jersey. As for the Tracy plaintiffs, that case has not yet been resolved. Moreover, if [Mrs. Tracy's] injuries meet New Jersey's "verbal threshold," the "deemer" statute will not limit her recovery. Thus, none of the plaintiffs are "aggrieved parties."

Trial Court Opinion, 8/11/95, at p. 7.

Appellants claim that it is unnecessary for them to have been denied full tort recovery in New Jersey as a prerequisite to establish their standing. They claim that they sought damages for Insurers' alleged misrepresentations and omissions of material fact regarding their full tort recovery in New Jersey. According to Appellants, their substantial, direct and immediate injury was their inability to seek insurance coverage from insurance companies which are not affected by the New Jersey Deemer statute (Pennsylvania insurance companies which only issue insurance policies in Pennsylvania, not in New Jersey).

Insurers, on the other hand, agree with the trial court that Appellants are not aggrieved persons since none of them have been adversely affected by the Deemer statute by having a New Jersey court deny them full tort recovery. Insurers

recognize that even if Appellants had been injured in an automobile accident in New Jersey, they would not be denied damages for non-economic injury unless their injuries fell below the New Jersey verbal threshold.

We agree with the trial court and Insurers that Appellants are not aggrieved parties and thus lack standing. We find our Supreme Court's decision in *Nye v. Erie Insurance Exchange,* 504 Pa. 3, 470 A.2d 98 (1983), instructive. In that case, C. William Nye filed a class action suit against his insurance company, Erie Insurance, as well as thirty other insurance companies. Nye alleged that the defendant class refused to pay work loss benefits to the estates of deceased victims. The defendant insurance companies filed preliminary objections challenging Nye's standing. The trial court ruled that Nye lacked standing to sue the thirty insurance companies since none of the defendant companies, except Erie, had denied him work loss benefits. Our Supreme Court upheld the trial court's dismissal of the class action against the thirty insurance companies since Nye was not aggrieved by any conduct of the insurance companies, except Erie. *Id.* at 100.

Similarly, in *D'Amelio v. Blue Cross of Lehigh Valley, supra,* this Court upheld the dismissal of a class action suit against a proposed class of defendant hospitals. D'Amelio alleged in his class action complaint that he was denied medical coverage provided by St. Luke's hospital when Blue Cross of Lehigh Valley overruled St. Luke's decision that his medical treatment was "medically necessary." D'Amelio claimed that Blue Cross breached its subscription agreement by denying payment of the medical services provided by doctors at St. Luke's. This Court agreed that D'Amelio had standing to represent all persons who were aggrieved by similar rulings of Blue Cross of Lehigh Valley with respect to medical treatment rendered by St. Luke's. D'Amelio, however, did not have standing to represent persons who were denied medical coverage for services rendered in different hospitals. "None of the other hospitals sought to be joined engaged in conduct which contributed to the injury he suffered from the controversy between St. Luke's and Blue Cross

of Lehigh Valley." *D'Amelio*, 606 A.2d at 1217. Since D'Amelio was not aggrieved by any conduct of the other members of the proposed defendant class, he lacked standing to bring a class action complaint. *Id.*

Like the representative plaintiffs in *Nye* and *D'Amelio*, Appellants, in the present case, were not adversely affected or aggrieved by any conduct of the Appellee insurance companies except possibly the insurance company that issued their policy. Thus, based on the rationale of *Nye* and *D'Amelio*, Appellants cannot maintain a class action against the named insurance companies.

▮ Appellants also lack standing to sue their own respective insurer in their individual capacities since the only injury they allege is a future contingent harm. Appellants seek to hold Insurers liable for failing to advise them that their election of full tort might not be honored by a New Jersey court sometime in the future. Appellants did not allege that their full tort recovery was already denied by a New Jersey court based on the Deemer statute. Appellants have suffered no harm as of yet since no claim for full tort recovery has been made in New Jersey. Appellants suggest that they did not get the benefit of paying higher premiums for the full tort alternative and that their injury was the increased premiums they paid for full tort recovery. Appellants hypothesize that they would not have purchased full tort insurance if they had been advised that their choice might not be honored in New Jersey. We disagree that Appellants did not get what they bargained for—as of yet Appellants have not been denied full tort recovery in any court. Appellants allege a potential harm—their inability to recover for non-economic losses in New Jersey. Until this contingency occurs, Appellants are not aggrieved parties and thus lack standing.

A recent case decided by the Superior Court of New Jersey, Appellate Division, *Whitaker v. Devilla*, 287 N.J.Super. 370, 671 A.2d 163 (1996), refutes the possibility that Appellants will suffer future harm by a New Jersey court denying them full tort coverage. In that case the plaintiff was injured when the

defendant hit him in a car accident in New Jersey. The plaintiff was a resident of Pennsylvania and was insured by a Pennsylvania policy issued by Prudential Property and Casualty Insurance Company, which is licensed to operate in New Jersey. The plaintiff had elected the full tort option under the Pennsylvania MVFRL and paid a higher premium for such coverage. The trial court granted the defendant's motion for summary judgment on the basis that the plaintiff's claim was barred by the New Jersey Deemer statute in that the plaintiff did not meet the verbal threshold. The Superior Court reversed finding that the plaintiff's claim was not barred by the Deemer statute since he selected a comparable "no threshold" coverage in Pennsylvania. 287 N.J.Super. at 373–74, 671 A.2d at 165. The Court explained its rationale:

> Applying the "verbal threshold," however, to non-residents, such as the plaintiff, who specifically elect and pay for the broader coverage through a New Jersey company, does not advance the Legislature's, or the Governor's, intent of containing costs of automobile insurance by allowing recovery for "non-economic" damages only to those who pay for "no threshold" access to the courts. There is no basis shown in the present case to distinguish between a New Jersey resident who pays a New Jersey insurance company for "no threshold" coverage and an out-of-state resident who opts for substantially the same coverage with the same insurance company.
>
> *   *   *   *   *   *
>
> We conclude that the language employed by the Legislature in the Deemer provision, N.J.S.A. 17:28–1.4, was inadvertently overbroad and was not intended to restrict the rights of persons such as the present plaintiffs. We reverse and remand.

287 N.J.Super. at 374, 671 A.2d at 165 (citations omitted).

Based on this recent decision, it appears that the New Jersey court will not interpret the Deemer statute to deny Appellants the benefit of full tort recovery. Thus, with the

current state of the New Jersey law, Appellants cannot prove that they are or will be "aggrieved" in the future.

██ The trial court also found that Appellants' case was not ripe for judicial review. The ripeness doctrine is another prerequisite for a court to exercise judicial review and examine the merits of a case. To be ripe, an actual case or controversy must exist at every stage of the judicial process. *Richards v. Trimbur*, 374 Pa.Super. 352, 358–60, 543 A.2d 116, 119 (1988), *alloc. den.*, 522 Pa. 620, 563 A.2d 888 (1989). The rationale for the ripeness doctrine is to prevent premature adjudications. *Rouse & Associates–Ship Road Land Limited Partnership v. Pennsylvania Environmental Quality Board*, 164 Pa.Commw. 326, 331–33, 642 A.2d 642, 645 (1994). The court must consider whether the issues are adequately developed for judicial review and what hardship the parties will suffer if review is delayed. *Id.*

██ The trial court concluded that Appellants' case was not ripe since none of Appellants were denied full tort recovery by application of the New Jersey Deemer statute. In fact, two of the three named Appellants had not been involved in an accident in New Jersey or brought suit in New Jersey to recover for non-economic damages.[4] The trial court's conclusion that Appellants' case did not present an actual case or controversy was correct. Until Appellants suffer an injury caused by Insurers' alleged misrepresentations, there is no present case or controversy and their case must be dismissed. *Richards*, 543 A.2d at 119.

4. In their amended complaint Appellants aver that Appellant Patricia Tracy was injured in an automobile accident while driving in New Jersey and that her tort claim is pending in a New Jersey civil action. Appellants did not aver that the other named Appellants were involved in automobile accidents in New Jersey. In their petition for reconsideration Appellants informed the trial court that all of the named Appellants were injured in an automobile accident occurring in New Jersey. When ruling on a demurrer, the trial court must accept as true all well-pleaded facts in the complaint and amended complaint. Since these facts were not in the amended complaint, the trial court was not obligated to consider them.

■ The trial court also sustained Insurers' preliminary objections in the nature of a demurrer based on the fact that Insurers had no legal duty to advise Appellants that their full tort recovery might be limited by the operation of the New Jersey Deemer statute. Our Supreme Court explained our standard of review when reviewing the trial court's grant of a demurrer:

Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Baker v. Brennan*, 419 Pa. 222, 225, 213 A.2d 362, 364 (1965). The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 835 (1976). To determine whether preliminary objections have been properly sustained, this Court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 4, 383 A.2d 791, 792 (1977); *Pennsylvania Liquor Control Board v. Rapistan, Inc.*, 472 Pa. 36, 42, 371 A.2d 178, 181 (1976).

*Bower v. Bower*, 531 Pa. 54, 57, 611 A.2d 181, 182 (1992).

We agree with the trial court that Insurers had no duty to advise Appellants of the effect of the Deemer statute on their **potential,** future recovery for non-economic damages in a New Jersey civil proceeding. The MVFRL mandates that Insurers must provide the notice set forth in section 1791.1(b). That section reads:

In addition to the invoice required under subsection (a) [relating to disclosure of premiums for minimum coverage], an insurer **must,** at the time of application for original coverage for private passenger motor vehicle insurance and every renewal thereafter, provide to an insured the following notice of the availability of two alternatives of full tort insurance and limited tort insurance described in section 1705(c) and (d) (relating to election of tort options)[.]

75 Pa.C.S.A. § 1791.1(b) (Emphasis added). Insurers strictly complied with this statute by giving Appellants a verbatim copy of the notice.

The trial court concluded that Insurers are not obligated by the laws of this Commonwealth to "counsel insureds as to the effects of the laws of other states on their insurance policy." Trial Court Opinion, 8/11/95, at p. 9. We agree and rely on prior cases in this Court where we rejected arguments similar to Appellants that an insurer has a duty to provide more comprehensive notice and explanation of the benefits provided in the insured's policy. For example, in *Kilmore v. Erie Insurance Company,* 407 Pa.Super. 245, 595 A.2d 623 (1991), *alloc. den.,* 529 Pa. 664, 604 A.2d 1030 (1992), this Court was faced with the issue of whether an automobile insurance carrier and health care provider had a duty to explain the extent and limits of its coverage to the insured. *Id.* at 625. The appellant filed a class action complaint against Erie Insurance and Blue Shield alleging fraud, breach of contract and consumer protection violations. The appellant claimed that Erie and Blue Shield failed to explain the terms and exclusions in his policy. Erie and Blue Shield filed a demurrer and motion for summary judgment requesting the court to dismiss the complaint. The trial court granted summary judgment in favor of defendants and this Court affirmed on the basis that the insurers had no duty to provide such an explanation. We explained:

> We find no justification in the law to impose the additional burden on insurers that they anticipate and then counsel their insured on the hypothetical, collateral consequences of the coverage chosen by the insured. The basic contractual nature of insurance coverage set forth in [*Standard Venetian Blind Company v. American Empire Insurance Company,* 503 Pa. 300, 469 A.2d 563 (1983)] and [*Dercoli v. Pennsylvania National Mutual Insurance Company,* 520 Pa. 471, 554 A.2d 906 (1989)], requires fair dealing and good faith on the part of the insurer, not hand holding and substituted judgment. While we acknowledge insurance is an area in which the contracting parties stand in somewhat

special relationship to each other, the relationship is not so unique as to compel this Court to require an insurer to explain every permutation possible from an insured's choice of coverage. Each insured has the right and obligation to question his insurer at the time the insurance contract is entered into as to the type of coverage desired and the ramifications arising therefrom. Once the insurance contract takes effect, however, the insured must take responsibility for his policy. We, therefore, decline to extend the duties of an insurer to provide ongoing advice concerning the limits of its coverage.

*Kilmore,* 595 A.2d at 626–27 (footnote omitted). *See also Banker v. Valley Forge Insurance Company,* 363 Pa.Super. 456, 465, 526 A.2d 434, 438 (1987), *rev'd. on other grounds, Banker v. Valley Forge Insurance Company,* 401 Pa.Super. 367, 585 A.2d 504 (1991) (where the insurance policy provision is clear and unambiguous, the insurer does not have a duty to explain all of the hypothetical consequences which might result from an excess coverage endorsement).

We also find the rationale of the United States District Court persuasive in *Zampirri v. Hartford Insurance Company,* 1993 WL 516415 (E.D.Pa.1993). In that case Anthony Zampirri, a Pennsylvania resident insured by Hartford Insurance Company of the Midwest (Hartford), was involved in an automobile accident in New Jersey with Joseph Watkins. Watkins was driving a car insured by Prudential Insurance Company (Prudential). The plaintiff filed a claim against Prudential for his injuries and Prudential denied the claim on the basis of the New Jersey Deemer statute. Prudential claimed that the plaintiff did not sustain serious injury and thus did not meet the verbal threshold required to recover for non-economic damages. The plaintiff then filed a claim against his own insurer, Hartford, seeking uninsured/underinsured benefits. Hartford denied the claim on the grounds that Watkin's policy was not exhausted. The plaintiff then filed a class action lawsuit in federal court against Hartford and any other insurance companies who were authorized to provide motor vehicle insurance in Pennsylvania and in New

Jersey. "The plaintiff [claimed] that Hartford's application of the New Jersey Deemer Statute [had] essentially eliminated his ability to seek underinsured and/or uninsured benefits." 1993 WL 516415 at *1. The plaintiff claimed that Hartford acted in bad faith pursuant to 42 Pa.C.S.A. section 8371 [5] by failing to inform him that New Jersey's Deemer statute could affect his tort recovery. The plaintiff argued that Hartford had a duty to conspicuously warn him that interstate travel in New Jersey might preclude him from obtaining uninsured/underinsured coverage under the Pennsylvania MVFRL. The court rejected the plaintiff's efforts of imposing a higher duty on Hartford and explained:

> I do not agree with this theory. The defendant had no duty to the plaintiff to explain every contingency that could affect his coverage outside of the state of Pennsylvania. The Hartford explained the limits of the coverage provided by the underinsured motorist policy.

> \*     \*     \*     \*     \*     \*

> The Hartford's alleged failure to explain to the plaintiff the effect of New Jersey's statutes was not in bad faith. The relevant statutes are public information, and if the plaintiff was concerned about the effect of driving in a specific state outside of Pennsylvania, he could have examined the law.

1993 WL 516415 at *3.

We find the reasoning of *Kilmore, Banker* and *Zampirri* persuasive. Insurers could not have reasonably explained every contingency that could affect Appellants' ability to recover full tort. Insurers could not research the laws of all

---

5.  That statute provides:

    In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
    (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
    (2) Award punitive damages against the insurer.
    (3) Assess court costs and attorneys' fees against the insurer.
    42 Pa.C.S.A. § 8371.

fifty states and foreign territories to explain how they interact with the Pennsylvania MVFRL and affect Appellants' ability to recover for non-economic damages. Insurers could not explain every hypothetical collateral consequence which might arise if Appellants select full tort alternative. *Kilmore*, 595 A.2d at 626. Insurers complied with the statutory notice and did not intentionally conceal information as Appellants contend.[6] Insurers did not act in bad faith and did not make any assertions regarding the extent of recovery in another state outside of Pennsylvania. The notice specifically notified Appellants that under the laws of this Commonwealth they would have the unrestricted right to seek damages for non-economic injuries. Under these circumstances, we affirm the trial court's demurrer on the basis that Insurers had no duty to inform Appellants of the effect of the New Jersey Deemer statute.

Order affirmed.

---

**6.** We reject Appellants' contention that Insurers intentionally concealed material facts concerning the full tort election. Appellants essentially claim that Insurers were liable under Section 550 of the Restatement (Second) of Torts, which imposes liability on a party who "intentionally prevents [another party] from acquiring material information" or intentionally conceals material information. *Sevin v. Kelshaw*, 417 Pa.Super. 1, 8–9, 611 A.2d 1232, 1236 (1992). To be liable under this section, the defendant must intentionally conceal material information in an effort to deceive the plaintiff. *Id.* "Mere silence in the absence of a duty to speak, however, cannot suffice to prove fraudulent concealment." *Id.* Once again, Appellants' claim fails since it rests on their theory, which we rejected *supra*, that Insurers had a duty to inform them of the New Jersey Deemer statute.