J-S68037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| R.B.H., | : | IN THE SUPERIOR COURT OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L.H.-H. | : | |
| | : | |
| Appellant | : | No. 881 MDA 2017 |

Appeal from the Order Entered May 10, 2017
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2009-CV-09619-DC

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 08, 2017**

L.H.-H. (Mother) appeals from the order entered May 10, 2017, in the Court of Common Pleas of Dauphin County, which denied her petition to transfer venue to Lebanon County in this child custody matter.  Because the issues presented by Mother are not ripe for our consideration, we affirm.[1]

We summarize the relevant factual and procedural history of this matter as follows.  E.A.H. (Child) was born in May 2009, during the marriage of Mother and R.B.H. (Father).  The parties separated only a few months after Child's birth, and on August 3, 2009, Father commenced custody proceedings by filing a combined complaint in divorce and petition for custody in Dauphin

_____

* Retired Senior Judge assigned to the Superior Court.

[1] An appellate court may affirm the trial court on any basis if the result is correct.  **P.J.A. v. H.C.N.**, 156 A.3d 284, 293 n.6 (Pa. Super. 2017).

County, where Mother, Father, and Child resided at the time. Since August 2015, Father has exercised primary physical custody of Child during the school year, with Mother exercising partial physical custody on alternating weekends. Mother exercises primary physical custody of Child during the summer, with Father exercising partial physical custody for two one-week periods during July and August. The parties share legal custody.

Importantly, while this case has remained in Dauphin County throughout its history, the record reveals that Child, Mother, and Father no longer reside there. Both Mother and Father remained in Dauphin County after their separation, until Mother moved to Luzerne County in 2010. Mother returned to Dauphin County in 2013, but moved back to Luzerne County only two years later, in 2015. Father moved to Lebanon County in 2014, and has resided there ever since.

In 2016, Mother filed an action in Lebanon County seeking primary custody of Child, but later withdrew it. Thereafter, in Dauphin County, Father filed a petition for contempt and to modify the prior custody orders. Mother and Father participated in custody conciliation, and the trial court entered an agreed-upon order on January 17, 2017, making minor modifications to the prior custody orders and preserving Father's right to pursue his contempt allegations.

On February 8, 2017, Mother filed a petition to transfer venue, in which she requested that the matter be transferred from Dauphin County to Lebanon

County, where Father resides and Child spends most of her time pursuant to the custody arrangement. The Honorable Jeannine Turgeon conducted a hearing on Mother's petition on March 20, 2017. On May 10, 2017, the court entered an agreed-upon custody order, in which it merged the parties' various prior custody orders and parenting plans into a single document.[2] The trial court entered a separate order that same day, denying Mother's petition to transfer venue. Mother timely filed a notice of appeal on June 1, 2017.[3]

On appeal, Mother argues that the trial court erred by denying her petition to transfer venue pursuant to Pa.R.Civ.P. 1915.2 and Section 5422 of the UCCJEA. Mother's Brief at 7-12. Mother points out that she lives in Luzerne County, while Child lives primarily with Father in Lebanon County. *Id.* at 5, 9-12. Mother contends Child's only connection to Dauphin County is that Child's pediatrician and dentist are located there. *Id.* at 11. Mother also argues that the trial court erred by conducting an inconvenient forum analysis,

---

[2] According to the trial court, this order arose after the parties and their counsel attempted to resolve Mother's petition to transfer venue at the trial court's suggestion. Mother and Father were unable to agree upon the appropriate venue, but decided to consolidate the prior orders and parenting plans.

[3] Mother violated Pa.R.A.P. 1925(a)(2)(i) by failing to file a concise statement of errors complained of on appeal at the same time as her notice of appeal. We have accepted Mother's concise statement pursuant to *In re K.T.E.L.*, 983 A.2d 745, 748 (Pa. Super. 2009) (holding that the appellant's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i) did not warrant waiver of her claims, as there was no prejudice to any party).

because a court may not conduct such an analysis without first having proper venue. *Id.* at 7, 13.

In its July 21, 2017 opinion, the trial court provided the following rationale for its order denying Mother's petition to transfer venue.

> I denied Mother's petition arguing improper venue here and seeking transfer to Lebanon County in order to retain the case in Dauphin County for the purpose of continuity and judicial economy, particularly since the parties had an extensive litigation history here concerning their family issues, including custody. **In addition, there were no current issues pending or hearings scheduled on any issues at the time Mother filed her petition such that transfer seemed entirely unnecessary.** Finally, as Father's attorney argued at the hearing, the January 17, 2017 agreed[-upon] custody order included a provision that specifically preserved Father's contempt allegations against Mother (filed 11/18/16) if he sought to pursue them in the future.[4] Mother made no objection to the preservation provision including a venue objection. As such, Dauphin County maintains venue over the preserved contempt allegations.

Trial Court Opinion, 7/21/2017, at 4 (citations omitted; emphasis added).

As the trial court and Father point out, at the time Mother filed her petition to transfer venue, there were no custody matters pending, and therefore, no matters that required the court to determine which county had venue. *Id.*; Father's Response to Petition to Transfer Venue with New Matter, 2/15/2017, at ¶38; Father's Brief at 11 n.5. Mother did not seek to modify custody at the time she filed her petition to transfer venue. In fact, she

---

[4] Father's preserved contempt allegations do not render this appeal interlocutory. *See Wagner v. Wagner*, 887 A.2d 282, 285 (Pa. Super. 2005) (explaining that a custody order will be deemed final even if the order provides for future hearings upon petition by a party).

averred that Lebanon County would be the most appropriate county to "address **future** child custody issues." Petition to Transfer Venue, 2/8/2017, at ¶23(b) (emphasis added). ***See also*** N.T., 3/20/2017, at 29 (acknowledging that Mother was seeking a venue change for "any cases … going forward").

The ripeness doctrine is a prerequisite for a court to exercise judicial review and examine the merits of a case. ***Treski v. Kemper Nat. Ins. Companies***, 674 A.2d 1106, 1113 (Pa. Super. 1996). To be ripe, an actual case or controversy must exist at every stage of the judicial process. ***Id.*** "The basic rationale underlying the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." ***Philadelphia Entm't & Dev. Partners, L.P. v. City of Philadelphia***, 937 A.2d 385, 392 (Pa. 2007). The doctrine of ripeness prevents courts from giving "answers to academic questions or render[ing] advisory opinions, or mak[ing] decisions based on assertions as to hypothetical events that might occur in the future." ***Harcar v. Harcar***, 982 A.2d 1230, 1240–41 (Pa. Super. 2009).

In ***Harcar***, the father filed a contempt petition, seeking to hold the mother in contempt of prior court orders that directed her to return to the child to Beaver County, Pennsylvania. ***Id.*** at 1232. The trial court made a finding of contempt, but declined to order the mother to return the child to Beaver County because by that point, all parties lived in the country of Turkey.

*Id.* at 1233. The court also determined that Beaver County was an inconvenient forum and directed the parties to institute any further child custody proceedings in the child's new home country of Turkey. *Id.* Although Father stated his intent to seek modification of the custody order once Mother was held in contempt, on appeal, this Court vacated the portion of the order regarding forum, reasoning that because "the issue of any future jurisdiction was not presently before the trial court in Beaver County as part of Father's contempt petition, the question of the trial court's future jurisdiction was not ripe for the trial court's decision." *Id.* at 1240-41.

Given the procedural posture of the instant case, the issues presented by Mother are not ripe for consideration. Without any custody matters pending, the issue of which county would be the most appropriate venue is premature and subject to change depending on the facts and circumstances in existence at the time the trial court may be asked to rule upon a custody matter. By filing a petition to transfer venue for any future custody proceedings, Mother is seeking an advisory opinion. Therefore, we affirm the trial court's order declining to transfer venue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017

- 6 -