J-A13030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
IRMA CRUZ :
:
Appellant : No. 1533 EDA 2021

Appeal from the PCRA Order Entered July 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005901-2016

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 15, 2022**

Appellant, Irma Cruz, appeals from the order entered on July 1, 2021, in the Court of Common Pleas of Philadelphia County, granting in part and denying in part her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we reverse and remand for further proceedings.

On May 29, 2018, Appellant entered an open guilty plea to Attempted Murder, Carrying a Firearm on Public Streets in Philadelphia ("Carrying a Firearm"), and Possessing an Instrument of Crime ("PIC"). The court sentenced her to a term of 5 to 12 years' incarceration followed by 5 years' probation for Attempted Murder, a consecutive term of 5 years' probation for Carrying a Firearm, and no further penalty for PIC. Appellant did not file a direct appeal.

On May 2, 2019, Appellant timely filed a *pro se* PCRA petition, her first, followed by a counseled amended petition on February 24, 2021. Appellant argued that her plea counsel was ineffective for advising her to plead guilty to (1) Carrying a Firearm, and (2) Attempted Murder. In support of her first claim, Appellant asserted that she had a valid license to possess a firearm at the time of the incident and, therefore, counsel's advice that she plead guilty to Carrying a Firearm was deficient.

In support of her second claim, Appellant argued that counsel (1) provided her deficient advice "about her prospects of proving self-defense [or imperfect self-defense] at trial" as a defense to Attempted Murder, and (2) errantly advised her that she could receive house arrest or probation by pleading guilty to Attempted Murder. PCRA Petition, 2/24/21, at ¶¶ 12, 14-15. Appellant alleged that but-for counsel's deficient advice, she would have proceeded to trial instead of pleading guilty to Attempted Murder. *Id.* at ¶ 16.

On May 28, 2021, the PCRA court, without holding a hearing, issued a notice pursuant to Pa.R.Crim.P. 907. In the notice, the PCRA court indicated that it intended to grant relief on Appellant's claim related to her guilty plea to Carrying a Firearm but dismiss without a hearing Appellant's claim related to her Attempted Murder plea. In support of dismissal, the PCRA court summarily stated that Appellant's "claims []relating to house arrest, self-defense, [and] the corresponding claims of plea counsel's ineffectiveness[] are without merit, do not require a hearing, and will be formally dismissed at the next listing." Rule 907 Notice, 5/28/21, at 1.

- 2 -

On July 1, 2021, the PCRA court issued an order finding that Appellant's guilty plea to Carrying a Firearm resulted from ineffective assistance of counsel and, as a result, vacated Appellant's conviction and sentence only for that offense. The court, however, summarily denied relief on Appellant's claim challenging plea counsel's advice with respect to her Attempted Murder plea. Appellant timely appealed and filed a Rule 1925(b) Statement. The PCRA court filed a responsive Rule 1925(a) Opinion.

Appellant raises the following issue on appeal:

> Did the PCRA court err by dismissing [A]ppellant's PCRA [P]etition without an evidentiary hearing as there was a material issue of fact as to whether or not trial counsel provided deficient advice that induced Appellant's guilty plea to [A]ttempted [M]urder?

Appellant's Br. at 2.[1]

Appellant argues that the PCRA court erred by failing to hold a hearing to determine if plea counsel provided Appellant deficient advice related to her Attempted Murder plea. Appellant's Br. at 5-14. The PCRA court dismissed this

---

[1] Appellant raises an additional issue, arguing that when the PCRA court granted relief on the gun conviction, it was required to resentence her on her Attempted Murder conviction. Appellant's Br. at 2. This issue is not ripe for adjudication, however, because the underlying conviction for Attempted Murder is currently at issue before the PCRA court. If the court finds that Appellant's counsel was ineffective in advising her to plead guilty to Attempted Murder and thereby grants Appellant a new trial, Appellant's sentencing issue will be moot. Thus, disposition of this issue before the PCRA court resolves Appellant's claim related to her Attempted Murder plea is improper. **See Treski v. Kemper Nat. Ins. Companies**, 674 A.2d 1106, 1113 (Pa. Super. 1996) (explaining that ripeness is a prerequisite to judicial review).

issue without a hearing, finding only that it was "without merit."[2] PCRA Ct. Or., 7/1/21.

We review a PCRA court's decision to deny a request for an evidentiary hearing for an abuse of discretion. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Where a PCRA Petition raises "material disputes regarding the reasonableness of counsel's actions, a hearing is required." *Commonwealth v. Reid*, 99 A.3d 470, 501 n.26 (Pa. 2014). *See* Pa.R.Crim.P. 908(A)(2) (requiring a PCRA hearing "when the petition for post-conviction relief . . . raises material issues of fact"). Additionally, our Supreme Court has expressed a preference for an evidentiary hearing on counsel's action or inaction where a petitioner has raised "a colorable claim" of ineffectiveness. *Commonwealth v. Cousar*, 154 A.3d 287, 299-300 (Pa. 2017).

As stated *supra*, in her PCRA Petition, Appellant alleged that PCRA counsel provided her deficient advice related to her likelihood of succeeding on a self-defense claim and ability to receive house arrest or probation in exchange for her open guilty plea to Attempted Murder, and that counsel's

---

[2] In its Pa.R.A.P. 1925(a) Opinion, the PCRA court did not address the merits of this issue and instead found it waived for Appellant's failure to state specific facts necessitating a hearing in her Rule 1925(b) Statement. PCRA Ct. Op., 11/9/21, at 4-6. We disagree with the PCRA court's finding of waiver. The PCRA court provided Appellant only a cursory explanation for its decision to dismiss this claim, explaining only that it was "without merit." PCRA Ct. Or., 7/1/21. Where, as here, the underlying court order is vague and fails to provide an appellant the reasoning for the court's action, it is improper to find waiver for a vague Rule 1925(b) statement. *See Commonwealth v. Zheng*, 908 A.2d 285, 288 (Pa. Super. 2006) (explaining that we will not find waiver for a deficient Rule 1925(b) statement where it is precipitated by a vague trial court order).

allegedly deficient advice induced Appellant's plea. PCRA Petition at ¶¶ 12, 14-16. We conclude that Appellant presents a colorable claim of ineffectiveness and a material dispute regarding plea counsel's actions. Accordingly, the PCRA court abused its discretion by declining to hold a hearing. We, therefore, reverse the PCRA court's order dismissing Appellant's claim of ineffective assistance of plea counsel related to her guilty plea to Attempted Murder, and remand to the PCRA court for it to hold an evidentiary hearing on that claim.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Olson joins the memo.

Judge King concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2022