**DeSando v. Jefferson Township**

*Pro se* plaintiffs.

*Patrick Murphy* and *Frank Bolock*, for defendants.

MINORA, *J.*, April 3, 2014—

## MEMORANDUM AND ORDER

Before this court is the above-captioned plaintiffs' self titled, "plaintiffs' motion for reconsideration of the court's order dated December 5, 2013, denying plaintiff's motion for additional time to file brief in opposition to defendants' preliminary objections/motion for sanctions until discovery is completed." For the reasons that follow, the plaintiffs' motion is denied and dismissed in its entirety.

## FACTUAL BACKGROUND

1. On December 10, 2012, plaintiffs, Lynne DeSando, Gregory Kapeluck, Nancy Utter and Joseph Pilchesky, filed a complaint in the nature of declaratory judgment and request for injunctive relief in the Court of Common Pleas of Lackawanna County.

2. Thereafter, moving defendants and co-defendants, Department of Environmental Protection and Mary Louise Butler, engineer, filed preliminary objections to the plaintiffs' original complaint pursuant to Pa.R.C.P. 1028.

3. On January 17, 2013, plaintiffs filed the first amended complaint in the nature of declaratory judgment and request for injunctive relief as of course pursuant to Pa.R.C.P. 1033.

4. On February 7, 2013, moving defendants filed

preliminary objections to the plaintiffs' first amended complaint pursuant to Pa.R.C.P. 1028.

5. On February 21, 2013, plaintiffs filed a second amended complaint in the nature of declaratory judgment, mandamus and request for injunctive relief as of course pursuant to Pa.R.C.P. 1033.

6. On March 12, 2013, moving defendants filed preliminary objections to plaintiffs' second amended complaint pursuant to Pa.R.C.P. 1028.

7. On April 1, 2013, plaintiffs filed a third amended complaint in the nature of declaratory judgment, mandamus and request for injunctive relief as of course pursuant to Pa.R.C.P. 1033.

8. On April 19, 2013, moving defendants filed preliminary objections to plaintiffs' third amended complaint pursuant to Pa.R.C.P. 1028.

9. On May 9, 2013, plaintiffs filed a fourth amended complaint in the nature of declaratory judgment, mandamus, and request for injunctive relief and unjust enrichment as of court pursuant to Pa.R.C.P. 1033.

10. Plaintiff, Gregory Kapeluck, avers that he resides at 1665 Archbald Road in Jefferson Township, Pennsylvania. *See* paragraph "2" of plaintiffs' fourth amended complaint. On June 6, 2013, plaintiff Kapeluck withdrew from this suit by order of President Judge Thomas Munley.

11. Plaintiff, Joseph Pilchesky, avers that he resides at 819 Sunset Street in Scranton, Pennsylvania 18509. *See* paragraph "4" of plaintiffs' fourth amended complaint.

12. Plaintiffs allege that Homer Butler is the Sewage Enforcement Officer for Jefferson Township. *See* paragraph "8" of plaintiffs' fourth amended complaint.

13. In their fourth amended complaint, plaintiffs have asserted claims for declaratory judgment, mandamus and request for injunctive relief.

14. When this court references Jefferson Township or the Jefferson Township defendants, it collectively includes Jefferson Township, The Jefferson Township Board of Supervision, The Jefferson Township Sewer Authority, and Homer Butler, the Jefferson Township Sewer Enforcement Officer.

15. On May 24, 2013, defendants filed preliminary objections consisting of thirteen separate demurrers to plaintiffs' fourth amended complaint pursuant to Pa.R.C.P. 1028.

16. The *First Demurrer* states that per Pa.R.C.P. 1028(a) (1), (2), (4) and (5), defendants should be dismissed as a matter of law since the court lacks subject matter jurisdiction over Gregory Kapeluck and Joseph Pilchesky. Mr. Kapeluck and Mr. Pilchesky are not real parties in interest and improper to this matter, because Pilchesky resides in Scranton and is not a resident of Jefferson Township, and Kapeluck's property is not included in the list of properties to be serviced by phase 3 of the sewer project. [*See* defendants' preliminary objections at ¶¶25-29].

17. The *Second Demurrer* states that the plaintiffs failed to establish any basis for declaratory judgment relief due

to lack of direct immediate injury. The plaintiffs' claims of irreparable harm or urgency are unfounded and premature, because the proposed phase 3 of the plan is currently before the Department of Environmental Protection (D.E.P.) for review and has not been completed. The defendants argue the plaintiffs' allegation are nothing more than scandalous and impertinent statements, which have no basis in law or fact upon which relief can be granted. Also, the defendants believe the preliminary or special injunction shouldn't be granted per Pa.R.C.P. 1531(b)(1), because plaintiffs failed to file a bond in an amount fixed and with security approved by the court concerning potential damages sustained as a result of granting the injunction. [*See* defendants' preliminary objections at ¶¶30-35].

18. The *Third Demurrer* states that the claims set forth in the complaint are premature and not ripe, because the project is before the D.E.P. and in the process of being ruled on for ultimate approval. Therefore, defendants believe the plaintiffs cannot demonstrate a clear right and a need for immediate relief. [*See* defendants' preliminary objections at ¶¶36-39].

19. The *Fourth Demurrer* maintains that Homer Butler, the Jefferson Sewer Enforcement Officer, should be dismissed as a defendant, because there are no direct allegations set forth against him individually or as an agent of Jefferson Township, to sustain an independent cause of action. The concerns raised by the plaintiffs specifically related to activities and decisions of Jefferson Township and Jefferson Township Sewer Authority as municipal entities and not actions or inactions of Homer Butler as

an individual. [*See* defendants' preliminary objections at ¶¶40-43].

20. The *Fifth Demurrer* states that the complaint pursuant to Pa.R.C.P. 1028(a)(1) shall be dismissed for lack of jurisdiction over the subject matter of the action, because the application for the proposed plan is currently pending before D.E.P., and proper jurisdiction is vested within the D.E.P. and the Environmental Hearing Board. Defendants argue that plaintiffs have failed to exhaust prerequisite administrative statutory remedies set forth in the Pennsylvania Sewage Facilities Act 35 P.S. Section 750.1 et sec. The act statutorily provides an administrative process that must first be followed with regard to determinations of local agencies or the Pennsylvania Department of Environmental Protection. [*See* defendants' preliminary objections at ¶¶44-47]

21. The *Sixth Demurrer* states that pursuant to Pa.R.C.P. 1028(a)(7), plaintiffs' complaint should be dismissed for failure to exhaust prerequisite statutory administrative remedies set forth in the Sewage Facilities Act, specifically the provisions of 35 P.S. Section 750.16(b) which states "any order, permit, or decision of the department under this Act, except as otherwise provided by section (10) and section (11) of this Act shall be taken subject to the right of notice and appeal to the Environmental Hearing Board, pursuant to section 1921-A of the administrative code of 1929, as amended." [*See* defendants' preliminary objections at ¶¶48-50].

22. The *Seventh Demurrer* maintains that pursuant

to Pa.R.C.P. 1028(a)(4) plaintiffs' complaint should be dismissed as a matter of law for failure to set forth a claim upon which relief can be granted. [*See* defendants' preliminary objections at ¶¶51-52].

23. The *Eighth Demurrer* argues that the complaint fails to conform to Pa.R.C.P. 1019(a), because the material facts on which a cause of action is based are not stated in a concise and summary form. [*See* defendants' preliminary objections at ¶¶53].

24. The *Ninth Demurrer* requests that pursuant to Pa.R.C.P. 1028(a)(3) the complaint should be dismissed as a matter of law for insufficient specificity of a pleading, because they are unable to ascertain the nature of the claims asserted against them with sufficient exactitude and precision so as to enable them to prepare a responsive pleading. [*See* defendants' preliminary objections at ¶¶54-55].

25. The *Tenth Demurrer* maintains that plaintiffs' complaint should be dismissed as a matter of law because of the lack of capacity to sue and standing to institute the within action seeking declaratory judgment, mandamus, and injunctive relief pursuant to Pa.R.C.P. 1028(a)(5). [*See* defendants' preliminary objections at ¶¶56-57].

26. The *Eleventh Demurrer* requests that pursuant to Pa.R.C.P. 1028(a)(2) plaintiffs' complaint should be dismissed as a matter of law for the inclusion of scandalous and impertinent matter. In the alternative, defendants request that the scandalous and impertinent matter be stricken. [*See* defendants' preliminary objections at ¶¶58-

60].

27. The *Twelfth Demurrer* argues that Jefferson Township and Homer Butler, as Jefferson Sewer Enforcement Officer, are immune from liability for negligence claims under 42 Pa.C.S. § 8542, the court should dismiss any and all claims for negligence and gross negligence. Plaintiffs' claims do not fall within the exceptions to immunity; therefore the allegations fail to state a valid cause of action upon which relief can be granted. [*See* defendants' preliminary objections at ¶¶61-66].

28. The *Thirteenth Demurrer* declares that due to lack of injury, the plaintiffs cannot legally sustain a claim for mandamus under Pa.R.C.P. 1028(a)(4) and therefore all claims for mandamus should be dismissed as a matter of law for failure to state a claim upon which relief can be granted. [*See* defendants' preliminary objections at ¶¶67-68].

29. In an attempt to answer defendant's preliminary objections, the plaintiffs seek to conduct discovery in aid of forming answers and a brief in support of plaintiffs' answers to defendants' preliminary objections. Such discovery to respond to a test of the legal sufficiency of the plaintiffs' fourth amended complaint does not exist by statute, nor does such discovery exist within the Rules of Civil Procedure.

30. Plaintiffs presented a motion for additional time to file brief in opposition to defendants' preliminary objections/request for sanctions until discovery has been completed.

31. On December 5, 2013, this court denied the relief requested. The court's reasoning was that a right to discovery to aid in forming an answer and brief in support of the plaintiffs' answers to defendants' preliminary objections does not exist; therefore it can never be commenced let alone completed.

32. Plaintiffs' now ask us to reconsider the court's order denying plaintiffs' requested relief.

## JURISDICTION

The threshold question is whether this court has jurisdiction over the above matter. On January 6, 2014, the plaintiffs filed a notice of appeal to the Pennsylvania Superior Court relating to this court's order dated December 5, 2013. Pa.R.App.P. 1311 provides that an appeal of an interlocutory order may be taken by permission under 42 Pa.C.S. Section 702(b) from any interlocutory order of an administrative agency or lower court. According to section 702 interlocutory orders (c),"... a petition for permission to appeal under this section shall not stay the proceedings before the lower court or other government unit, unless the lower court or other government unity or appellate court or a judge shall so order." Here, because the court's order dated December 5, 2013 was interlocutory and not final, and no permissive appeal was sought nor granted by the court, the lower court can review the case at least until there is a determination on the appeal filed. *Commonwealth v. Yingling*, 911 A.2d 572 (Pa. Super. 2006) (citing interlocutory orders 42 Pa.C.S.A. Section 702(c)).

## DISCUSSION

### I. MOTION FOR RECONSIDERATION

The first issue which poses problems for the plaintiffs is whether proper grounds exist for the court to grant a motion for reconsideration. In deciding a motion for reconsideration, a trial court is invested with broad discretion as to whether or not it will modify or rescind a prior order. *See* 42 Pa.C.S.A. §5505; *PNC Bank N.A. v. Unknown Heirs*, 929 A.2d 219 (Pa. Super. 2007). The proper grounds for granting reconsideration include new and material evidence or facts, a change in the controlling law, or a clear error in applying the facts or law to the case at hand so that it is necessary to correct a clear error and prevent a manifest injustice from occurring. *Ellenbogen v. PNC Bank N.A.*, 731 A.2d 175 (Pa. Super. 1999). A motion for reconsideration should be granted sparingly and mere disagreement with the court's conclusion is not a basis for reconsideration. *Id.*

Here, the court finds that the plaintiffs have failed to establish proper grounds in order for the court to grant the motion for reconsideration. The plaintiffs have offered no arguments suggesting the existence of new and material evidence or facts. The facts within the present case consist of already provided evidence by the parties and facts already of public record. There is also no change in the controlling law since the court's order dated December 5, 2013. The court reasons that given the circumstances of this case, there exists no clear error to correct and no injustice to prevent. It is well within this court's discretion

to deny the plaintiffs' motion for reconsideration given the non-existence of proper grounds.

## II. STANDING

Next, the court considers whether the plaintiffs lack the appropriate standing to bring the above action. The concept of standing focuses on whether a party is adversely affected or "aggrieved" in any way by the matter being challenged. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269,280 (Pa. 1975). In order to be "aggrieved," a party must have a substantial interest in the subject matter of the litigation, the interest must be direct, and the interest must be immediate. *Id.* at 282. For a party to have standing based on taxpayer status, the five requirements that must be satisfied are: (1) the governmental action would otherwise go unchallenged; (2) those directly and immediately affected by the complained of matter are beneficially affected and not inclined to challenge the action; (3) judicial relief is appropriate; (4) redress through other channels is unavailable; and (5) no other persons are better situated to assert the claim. *Pittsburgh v. Palisades Park, LLC v. Commonwealth*, 888 A.2d 662 (Pa. 2005) (summarizing taxpayer exception standing requirements in *Application of Biester*, 409 A.2d 848 (Pa. 1979)).

The plaintiffs' basis for bringing this cause of action is their status as taxpayers of the Commonwealth of Pennsylvania. Plaintiffs assert their rights to expect the defendants to observe their duty to ensure sound fiscal management by not spending public funds on sewer plans that cannot meet approval [*See* plaintiffs' complaint at

¶¶87]. Plaintiffs seek an order from the court directing defendants to immediately cease any further spending of taxpayer funds on the planning for the installation of sewer lines on Living Waters Road and Archbald Mountain Road [*See* plaintiffs' complaint at ¶¶88]. Plaintiffs further request the court to direct the defendants to withdraw the current application because such application is a waste of local taxpayer funds [*See* plaintiffs' complaint at ¶¶89].

It is undisputed that Joseph Pilchesky resides at 819 Sunset Street in Scranton, Pennsylvania, which is clearly not within Jefferson Township nor is it listed in Exhibit "B" as a property to be served by phase 3 of the sewer project. It is also established that Gregory Kapeluck resides at 1665 Archbald Road in Jefferson Township, Pennsylvania, which is not listed as a property to be served by phase 3 of the sewer project. Consequently, the properties of Mr. Pilchesky and Mr. Kapeluck are not affected by the sewer project. The court reasons that because the stated plaintiffs' properties are not encompassed by the sewer project, therefore they lack the appropriate standing to pursue the claims set forth in the complaint. An individual or individuals, who own property within the parameters of the proposed sewer project, are better situated to assert the claims. Despite this court's strong conclusion that the plaintiffs lack the appropriate standing to bring the above action, it will proceed to review the plaintiffs' position out of an abundance of caution and for completeness.

## III. RIPENESS

Another issue this court believes bars the plaintiffs'

from this current matter is whether the matter is ripe for the court to make a ruling on it. The doctrine of ripeness arises out of judicial concern not to become involved in abstract disagreements of administrative policies. *Texas Keystone, Inc. v. Pa. Dep't of Conservation & Natural Res.*, 851 A.2d 228 (Pa. Cmwlth. 2004). In deciding whether the doctrine of ripeness bars our consideration of a declaratory judgment action, we consider "whether the issues are adequately developed for judicial review and what hardships the parties will suffer if review is delayed." *Alaica v. Ridge*, 784 A.2d 837, 842 (Pa. Cmwlth. 2001) (quoting *Treski v. Kemper Nat'l Ins. Co.*, 674 A.2d 1106, 1113 (Pa. Super. 1996)). The factors that are considered under the "adequately developed" inquiry include: whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the amount of fact finding required to resolve the issue; and whether the parties to the action are sufficiently adverse. *Id.* Under the hardship analysis, the court may address the merits even if the case is not as fully developed as we would like, if refusal to do so would place a demonstrable hardship on the party. *Id.*

As stated in the defendants' preliminary objections, the defendants' application for the proposed project is currently pending before and not yet approved by the D.E.P. and the Environmental Hearing Board. The Pennsylvania Sewage Facilities Act statutorily provides an administrative process that must be followed and exhausted with regard to determinations of local agencies or the Pennsylvania Department of Environmental Protection. Specifically

35 P.S. Section 750.16(b) states: "any order, permit, or decision of the department under this act, except as otherwise provided by section (10) and section (11) of this act shall be taken subject to the right of notice and appeal to the Environmental Hearing Board, pursuant to section 1921-A of the administrative code of 1929, as amended." Under the act, the D.E.P. is "entrusted with the responsibility to approve or disapprove official plans for sewage systems submitted by municipalities,..." *Oley Tp. v. Pennsylvania Dept. of Environmental Protection*, 710 A.2d 1228 (Pa. Cmwlth. 1998).

The court believes the present matter is not ripe for this court to make an appropriate decision. The court reasons that because the prerequisite administrative statutory remedy is exclusively provided for within the Pennsylvania D.E.P. and the Environmental Hearing Board, the issues are not "adequately developed." Also, if the court decides not to address the matter at this point, there will not be a "demonstrable hardship" on either party. Therefore, this court believes that because there has yet to be a ruling on the matter by the D.E.P., plaintiffs failed to exhaust the appropriate statutory administrative remedies available. However, this court is still willing, out of an abundance of caution, to substantively address the issue on its merits.

## IV. PRECOMPLAINT DISCOVERY

For the reasons set forth below, plaintiffs' motion for reconsideration of the court's order dated December 5, 2013 is misplaced and will be dismissed. Plaintiffs assert that they have a right to discovery prior to filing a brief

in opposition to defendants' preliminary objections/ request for sanctions in order to assist in answering the preliminary objections. However, this assertion is unsupported by law or Rules of Civil Procedure. The only discovery allowed at the pleading stage is pre-complaint discovery. *See* Pa.R.C.P. 4003.8. It is also well established that no discovery, shall be permitted which (a) is sought in bad faith; or (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party as per Pa. R.C.P. 4011. The trial court does not abuse its discretion by refusing to permit discovery until there is a ruling on preliminary objections to a complaint, because the interests of justice are best served by allowing defendants to show that the claims raised in the complaint failed to state a cause of action before burdening those same defendants with discovery. *Luckett v. Blaine*, 850 A.2d 811, 819 (Pa. 2004).

Here, plaintiffs seem to suggest that they have a legal entitlement to conduct discovery to assist them in formulating an answer and brief in support of plaintiffs' answers to defendants' preliminary objections, because "defendants did not file an adverse response or objection to the motion." [*See* plaintiffs' complaint ¶¶ 3]. While this is technically an accurate statement; it disingenuously neglects to mention the fact that defendants appeared in person at motion court and voiced strenuous and vigorous objection to the plaintiffs' motion. The plaintiffs then go on to cite discovery rules that govern post complaint discovery but conveniently neglect to mention Pa.R.C.P. 4003.8, entitled pre-complaint discovery, which provides:

"(a) A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party; and (b)...the court may require the plaintiff to state with particularity how the discovery will materially advance the preparation of the complaint. In deciding the motion or other objection, the court shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought."

The explanatory comment to Pa.R.C.P. 4003.8 states that in practice, a trial court addresses a discovery request not in abstract terms but in the context of the case at bar. In doing so, the court exercises significant discretion, weighing the importance of the request against the burdens imposed on the subject party to determine, as a practical matter, whether the discovery requested should be permitted. In *Cooper*, the court held that to obtain pre-complaint discovery a litigant should be required to demonstrate his good faith as well as probable cause that the information sought is both material and necessary to the filing of a complaint in a pending action. *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134,140 (Pa. Super. 2008) (quoting *McNeil v. Jordan*, 934 A.2d 739,742 (Pa. Super. 2007)).

The court holds that when applying this standard, the plaintiffs' request fails the requirements to permit discovery. In evaluating the plaintiffs' discovery request, the court's reasoning is guided by both the post-complaint and pre-

complaint discovery rules. The standards governing discovery rules clearly encompasses that discovery shouldn't be permitted when it is sought in bad faith or would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party per Pa.R.C.P. 4003.4 and Pa.R.C.P. 4011. First, the court finds that given the particular circumstances of the present case and the number of amended complaints; allowing further discovery at this time would cause an unreasonable annoyance and burden on the defendants. Plaintiffs' first complaint was filed on December 10, 2012 (Number 1). An amended complaint as of course was filed on January 17, 2013 (Number 2). On February 21, 2013, plaintiffs filed a second amended complaint as of course (Number 3). On April 1, 2013, plaintiff filed a third amended complaint as of course (Number 4). On May 9, 2013, plaintiff filed a fourth amended complaint as of course (Number 5), which is the complaint now before us.

The disputes concerning the proposed sewage project raised in the preliminary objections are matters of public record equally available and easily accessible to both parties. It is within this court's discretion to find that discovery at this time, is not permitted, nor is it necessary when preliminary objections are only testing the legal sufficiency of a complaint by demurrer. Further government documents at the state and local level which governs this project are public records equally available and accessible to all parties as public records without the need for formal discovery. Despite this open public availability, we are addressing the plaintiffs' fifth complaint and litigation is

over thirteen months old.

Next, in assessing whether plaintiffs' answer to the preliminary objections falls within the scope of discovery concerning preparation of pleadings, we find that it does not. Pa.R.C.P. 4001 governs the scope of allowable depositions and discovery. It appears the rule would apply to plaintiffs' fourth amended complaint. Pa.R.C.P. 4001(c) states "...any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery, or for preparation of pleadings or for preparation or trial of a case, or for use at a hearing upon petition, motion or rule, or for any combination of the forgoing purposes." The plaintiffs could certainly argue that, pursuant to Pa.R.C.P. 1017(4) entitled "pleadings allowed," pleadings in an action encompass "preliminary objections and a response thereto." In attempting to read Pa.R.C.P. 4001(c), which allows discovery, "for preparation of pleadings," and Pa.R.C.P. 4003.8, which includes "...preliminary objection and an answer thereto" as a pleading, one could argue that this would have to mean that a party would be allowed to conduct discovery for a response to preliminary objections. However, this conclusion completely ignores the specific rule which doesn't require an answer to preliminary objections unless the preliminary objections allege facts not of record as per Pa.R.C.P. 1028(c)(2).

After evaluating defendants' preliminary objections, this court finds that there were no new facts unavailable as public record alleged, and therefore discovery rules pertaining to pleadings do not apply to the plaintiffs' answer

or brief in support. In the carefully crafted preliminary objections the defendants have referred to specific paragraphs of the plaintiffs' fourth amended complaint. The net result of the defendant's preliminary objections is that all thirteen demurrers attack the fourth amended complaint as an insufficient pleading without any insertion or addition of new facts which could conceivably justify the unique discovery sought by the remaining plaintiffs.

Consequently, the court believes there lacks a sufficient factual basis that would permit the use of discovery to aid in the preparation of the answer and brief in support of plaintiffs answers to defendants' preliminary objections. This court finds that since there were no new facts alleged in defendants' preliminary objections and those needed are available as public record, discovery rules concerning pleadings, which conceivably allows for discovery, should not be viewed expansively and do not apply. No discovery is necessary, needed, or required. Furthermore, matters of record, which are encompassed by phases of the sewage project have either been pled or are of public record of which this court could take judicial notice. *See* Pa.R.Evidence. 201. The preliminary objections pose a legal test to the content and the legal sufficiency of the causes of action in plaintiffs' fourth amended complaint. These objections raise factual issues that are already matters of public record equally available to all parties and the public at large. Therefore, discovery to assist the plaintiffs in preparing answers and a brief in support of the plaintiffs' answers to the defendants' preliminary objections is prohibited and will not be permitted in this

case.

This opinion constitutes a final order for purposes of Pa.R.A.P. 341 and puts the plaintiffs out of court. Also, it is intended to support the court's responsibility to issue an opinion in support of order pursuant to Pa.R.A.P. 1925.

It is so ordered and an appropriate order is attached.

## ORDER

And now, on this day 3rd day of April, 2014, we order that:

1. Plaintiffs' motion for reconsideration of the court's order dated December 5, 2013, denying "plaintiff's motion for additional time to file brief in opposition to defendants' preliminary objections/motion for sanctions until discovery is completed" is denied and dismissed in its entirety.

2. Plaintiffs are without standing to initiate this lawsuit.

3. This court lacks subject matter jurisdiction due to the plaintiffs' failure to exhaust the prerequisite statutory administrative remedies.

4. For all the above reasons the clerk is directed to discontinue this action with prejudice against refiling.