**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Paul Douglas YINGLING, Appellant.**

Superior Court of Pennsylvania.

Submitted August 28, 2006.

Filed Nov. 9, 2006.

Joseph L. Amendola, State College, for appellant.

Karen E. Kuebler, Asst. Dist. Atty., Bellefonte, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., McCAFFERY and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Appellant seeks to challenge the trial court's interlocutory order which denied his petition for writ of *habeas corpus*. We quash this appeal.

¶ 2 The relevant facts and the procedural history underlying this matter can be summarized as follows. On March 16, 2005, Detective Ken Ferron of the State College Police Department spearheaded a controlled drug buy, utilizing an informant to purchase marijuana from Appellant. As a result of this effort, Appellant was arrested on various drug charges.

¶ 3 Appellant's preliminary hearing occurred on October 5, 2005. At that hearing, the Commonwealth only offered the testimony of Detective Ferron, who, over Appellant's objection, testified as to how he conducted the controlled drug buy and that the informant reported to him, *inter alia*, that Appellant was the person who sold him the marijuana. The district justice ultimately determined that the Commonwealth had established a *prime facie* case against Appellant and, therefore, bound Appellant's case over for trial.

¶ 4 Appellant then filed an omnibus pretrial motion, which included a petition for writ of *habeas corpus*. According to this petition, Detective Ferron's testimony at Appellant's preliminary hearing "constituted inadmissible hearsay and deprived [Appellant] of his right to confront and cross examine witnesses against him, namely, the unidentified confidential informant, at a critical point in his criminal prosecution." Appellant's Omnibus Pre–Trial Motion, at 5, ¶ 18. Appellant averred that absent the admission of the hearsay evidence, the Commonwealth failed to establish a *prima facie* case against him.

¶ 5 In an opinion and order filed on March 23, 2006, the trial court denied Ap-

* Retired Senior Judge assigned to the Superior Court.

pellant's omnibus pre-trial motion. Appellant subsequently filed in the trial court a motion to certify for immediate appeal to this Court the issue contained in his petition for writ of *habeas corpus.* On April 3, 2006, the trial court filed an order pursuant to 42 Pa.C.S.A. § 702(b) wherein the court certified for immediate appeal to this Court the issue Appellant raised in his petition for writ of *habeas corpus.* This order states as follows:

> NOW this 31st day of March, 2006, upon consideration of the within Motion to Certify the above-captioned matter to the Superior Court, this [c]ourt certifies that the issue raised by [Appellant] concerning the admissibility of hearsay evidence presented by the Commonwealth at his preliminary hearing involves a controlling question of law as to which, based upon the appellate court decisions in *Commonwealth v. Tyler,* [402 Pa.Super. 429] 587 A.2d 326, [ (Pa.Super.1991) ] and *Commonwealth ex.rel. Buchanan v. Verbonitz,* 525 Pa. 413, 581 A.2d 172 (1990), there is substantial ground for difference of opinion and, further, that an immediate appeal from the order may materially advance the ultimate termination of the matter.

Trial Court Order, 4/3/06.

¶ 6 On April 13, 2006, Appellant filed a Notice of Appeal. On May 5, 2006, the trial court directed Appellant to file a concise statement of matters complained of on appeal, and Appellant timely complied. Appellant subsequently submitted to this Court his appellate brief. Before we can consider the merits of the issues raised and arguments presented by Appellant in his brief, we must first determine whether we have jurisdiction to entertain this matter.

■ ¶ 7 An order denying pre-trial *habeas corpus* relief is not a final order but, rather, is an interlocutory order and, thus, is not immediately appealable by right. *See Commonwealth v. Jackson,* 849 A.2d 1254 (Pa.Super.2004). For this reason, Appellant sought permission to appeal the trial court's order pursuant to 42 Pa. C.S.A. § 702(b). Subsection 702(b), entitled "Interlocutory appeals by permission," states as follows:

> When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S.A. § 702(b).

¶ 8 Pennsylvania Rule of Appellate Procedure 1311 governs the procedure a party must follow in order to petition for permission to appeal pursuant to 42 Pa.C.S.A. § 702(b). Rule 1311 states, in relevant part, as follows:

> Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court or other government unit with proof of service on all other parties to the matter in the lower court or other government unit and on the government unit or clerk of the lower court, who shall file the petition of record in such lower court. An application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa.C.S.

§ 702(b) shall be filed with the lower court or other government unit within 30 days after the entry of such interlocutory order and permission to appeal may be sought within 30 days after entry of the order as amended.... Upon actual receipt of the petition for permission to appeal the prothonotary of the appellate court shall immediately stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this subdivision, shall constitute the date when permission to appeal was sought, which date shall be shown on the docket....

Pa.R.A.P. 1311(b).

¶ 9 This Court has held that when a party seeks discretionary review of an interlocutory order, and the trial court properly certifies such an order for immediate appeal, "... if no [p]etition for permission to appeal is filed with the appellate court, the appeal will be quashed, as we are without jurisdiction to exercise our discretion in this regard." *Herb v. Snyder,* 454 Pa.Super. 612, 686 A.2d 412, 415 (1996); *see Commonwealth v. Fleming,* 794 A.2d 385, 387 (Pa.Super.2002) ("When an interlocutory order is not immediately appealable by right, discretionary review may only be sought by the filing of a petition for an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa. C.S.A. § 702(b). This Court must quash an interlocutory appeal filed in any other manner, because the filing of a petition for permission of review is jurisdictional in nature.") (citations omitted).

¶ 10 Here, Appellant has met the first jurisdictional prerequisite for seeking permission to appeal the trial court's interlocutory order, *i.e.,* the lower court amended its original order to include a Subsection 702(b) statement. Appellant, however, has failed to meet the second jurisdictional requirement; he did not file in this Court a petition for permission to appeal. Instead, he erroneously chose to file a Notice of Appeal.

¶ 11 Similar circumstances arose in *In re Kelly,* 704 A.2d 172 (Pa.Cmwlth.1997) (citations omitted and emphasis added), wherein the Commonwealth Court made the following observations:

> The Petitioners then filed notices of appeal instead of the requisite petitions for permission to appeal. Such petitions are the only vehicles by which we as an appellate court can exercise the discretion vested in us by Section 702(b) of the Judicial Code. Without them, our jurisdiction is not invoked. Hence, their absence when proceeding to appeal an interlocutory order that is not appealable as of right is substantive rather than merely formal. We are compelled, then, to quash these appeals.

*Id.* at 176. While we are not bound by this decision, we find it instructive and persuasive. Thus, consistent with *In re Kelly* and the caselaw from this Court relied upon above, by failing to file in this Court a petition for permission to appeal, Appellant has not triggered this Court's jurisdiction to entertain the merits of the issues he raises in his brief. Accordingly, we quash Appellant's appeal.[1]

¶ 12 Appeal quashed.

---

1. We note that Appellant included in his brief to this Court a section which he entitled "Reasons/Petition for Allowance of Appeal."

We cannot accept this portion of Appellant's brief as a substitute for filing a petition for permission to appeal for several reasons. The

first and most obvious reason that we cannot accept this portion of Appellant's brief as a substitute for a properly filed petition for permission to appeal is that including such a "petition" in a brief is not consistent with the procedures outlined in Pa.R.A.P. 1311. Secondly, Appellant's "Reasons/Petition for Allowance of Appeal" is inconsistent with Pa. R.A.P. 1312, which governs the content of petitions for permission to appeal. *See, e.g.,* Pa.R.A.P. 1312(c) (stating, in relevant part, that "[n]either the briefs below nor any separate brief in support of a petition for permission to appeal will be received, and the prothonotary of the appellate court will refuse to file any petition for permission to appeal to which is annexed or appended any brief below or supporting brief"). Lastly, where, as here, a trial court amended its original order to include a Subsection 702(b) statement, "permission to appeal may be sought within 30 days after entry of the order as amended." *See* Pa.R.A.P. 1311(b). In the matter *sub judice*, the trial court filed its amended order on April 3, 2006, and Appellant did not file his brief in this Court until July 6, 2006. We, therefore, did not receive Appellant's "Reasons/Petition for Allowance of Appeal" until well after thirty days had passed.