J-S14021-19 & J-S14022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR SIMMONS | : | |
| | : | |
| Appellant | : | No. 3641 EDA 2017 |

Appeal from the Order October 23, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000890-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR SIMMONS, | : | |
| | : | |
| Appellant | : | No. 273 EDA 2018 |

Appeal from the Judgment of Sentence December 14, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000890-2017

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 22, 2019**

At 3641 EDA 2017, Appellant Victor Simmons appeals *pro se* from the

order denying his pre-trial petition for *habeas corpus*.  At 273 EDA 2018,

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant separately appeals *pro se* the judgment of sentence imposed after he pled guilty to one count of robbery–fear of serious bodily injury and two counts of robbery–demand money from a financial institution.[1] We quash Appellant's appeal at 3641 EDA 2017 as interlocutory and affirm his judgment of sentence at 273 EDA 2018.[2]

The trial court summarized the relevant factual and procedural history as follows:

> [B]etween November 8 and 9, 2016, Appellant committed multiple robberies by demanding money from financial institutions, *i.e.*, PNC Bank, Wells Fargo Bank; as well as by placing another person, *i.e.*, Jasmine Mullen a/k/a Jasmine Mullins, [(the victim)] in fear of immediate, serious bodily injury while conducting a robbery at Wal-Mart.
>
> * * *
>
> On October 6, 2017, Appellant filed [a petition for] Writ of *Habeas Corpus*. On October 10, 2017, the trial court scheduled a hearing on [Appellant's petition] for October 16, 2017. On the same day, Senior Judge Joseph Smyth erroneously also entered a scheduling order on Appellant's *habeas* petition; however, Judge Smyth scheduled [that hearing] for October 23, 2017. On October 16, 2017, the trial court held the originally scheduled hearing, at which all parties were present, and after which Appellant's requested relief in his *habeas* petition was denied, and [a] jury trial was scheduled to commence on December 14, 2017. On October 23, 2017, [because] Appellant's Motion/Petition for *Habeas Corpus* [had already] been decided on the merits by Judge Weilheimer after the October 16, 2017 hearing, Senior Judge Corso dismissed [Appellant's petition] as moot.

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) (first-degree felony); (a)(1)(vi) (second-degree felony).

[2] We have consolidated the appeals for this decision, as both matters stem from the same prosecution.

On November 9, 2017, Appellant filed a Notice of Appeal [at 3641 EDA 2017] from Judge Corso's [October 23, 2017] Order[] dismissing Appellant's *habeas* petition as moot. On November 15, 2017, Judge Corso ordered Appellant, perhaps erroneously, to file a Pa.R.A.P. 1925(b) Concise Statement. However, Judge Corso did not address said appeal in a Rule 1925(a) Opinion before retiring [from] the bench at the end of 2017. Nevertheless, said appeal was interlocutory and should have been quashed . . . .

\* \* \*

On December 14, 2017, after *voir dire* concluded and a jury had been selected, Appellant informed the trial court he wanted to enter into a negotiated plea and sentence. Thereafter, Appellant was given time to confer with counsel and was colloquied both orally on the record and via a written guilty plea questionnaire.

\* \* \*

[A]fter oral and written colloquies, Appellant knowingly, intelligently, and voluntarily entered into a negotiated guilty plea with reference to the following Bills of Information: Count 3: Robbery-Fear of Serious Bodily Injury; Count 4: Robbery-Demand Money from a Financial Institution; and Count 5: Robbery-Demand Money from a Financial Institution. All remaining counts were *nolle prossed* by the Commonwealth. Directly thereafter, Appellant was given his negotiated sentence as follows: on Count 3, imprisonment for not less than ten (10) years nor more than twenty (20) years in a State Correction Institution ("SCI"); on Count 4, two (2) to five (5) years in an SCI, consecutive to Count 3; and on Count 5, two (2) to five (5) years in an SCI, consecutive to Count 4. Additionally, Appellant was ordered to pay a total of $6,900.00 in Restitution, payable to Wells Fargo and PNC Banks as part of his sentence on Count 3.

[O]n December 21, 2018, Assistant Public Defender ("APD"), Sarah Hudson, Esquire, filed a Post-Sentence Motion to Withdraw Guilty Plea on behalf of Appellant, alleging, without support, that his plea was not voluntary, knowing, or intelligent. On December 27, 2018, Appellant forwarded two (2) *pro se*, handwritten correspondences to the Montgomery County Clerk of Courts Office, entitled "Motion to Withdraw Plea". In said *pro se* correspondences, Appellant informed the trial court of the

following: he wished to withdraw his plea; he would contact his attorney, who, at the time, was APD Sarah Hudson, "to let her know that he is no longer interested in taking the plea of 14 to 30 years in prison that he was sentenced to in front of Judge Weilheimer [. . . ]"; and he wished "to proceed to trial[. . .]"

On December 22, 2017, the Commonwealth filed its Answer to Appellant's Motion to Withdraw Guilty Plea, arguing Appellant's bald assertion that his plea was involuntary, unknowing, and unintelligent, in spite of all the previous court hearings, phone calls between counsel, and colloquies, is unsupported by the record.

On January 5, 2018, the trial court denied Appellant's Motion to Withdraw Guilty Plea, as it determined Appellant's [December 14, 2017] guilty plea was made knowingly, intelligently, and voluntarily. Said Order noted the mere allegation [that] Appellant's plea was invalid was refuted by his subsequent *pro se* correspondences wherein he very clearly indicated that he was simply no longer "interested" in taking the plea and that he "wishes" to proceed to trial—both invalid bases for withdrawing a guilty plea, post-sentence. Notably, Appellant entered his guilty plea after jury selection had already taken place and the trial court was ready to proceed to trial.

Trial Ct. Op., 7/11/18, at 1-8 (record citations, footnotes, and some capitalization omitted).

On January 12, 2018, Appellant filed a timely *pro se* notice of appeal from the judgment of sentence, which this Court docketed at 273 EDA 2018. At that time, Appellant's appeal at 3641 EDA 2017 was still pending with this Court. On January 16, 2018, this Court remanded both matters for a ***Grazier***[3] hearing. **See** Order, 1/16/18. Following the hearing on February 20, 2018, the trial court concluded that Appellant's waiver of his right to counsel was knowing, intelligent, and voluntary. **See** Trial Ct. Order, 2/20/18. The trial

---

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 4 -

court issued an order granting Appellant's request to proceed *pro se* in both matters. *Id.* On March 1, 2018, the trial court docketed Appellant's *pro se* Pa.R.A.P. 1925(b) statement in his appeal from the trial court's judgment of sentence. The trial court issued a Rule 1925(a) opinion asserting that Appellant's claims were meritless.

### 3641 EDA 2017

Initially, we must consider whether we have jurisdiction over Appellant's appeal from the trial court's denial of pre-trial *habeas* relief. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (stating that "appellate courts may consider the issue of jurisdiction *sua sponte*") (citation omitted). Generally, appellate courts only have jurisdiction over final orders. **Commonwealth v. Scarborough**, 64 A.3d 602, 608 (Pa. 2013) (citation omitted). "When an interlocutory order is not immediately appealable by right, discretionary review may only be sought by the filing of a petition for an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S. § 702(b)." **Commonwealth v. Yingling**, 911 A.2d 572, 575 (Pa. Super. 2006). "This Court must quash an interlocutory appeal filed in any other manner, because the filing of a petition for permission of review is jurisdictional in nature." *Id.*

"An order denying pre-trial *habeas corpus* relief is not a final order but, rather, is an interlocutory order and, thus, is not immediately appealable by right." **Commonwealth v. Bibbs**, 970 A.2d 440, 452 (Pa. Super. 2009) (citation omitted). An appellant seeking to contest the denial of his request

- 5 -

for *habeas corpus* relief must request to take an immediate appeal by permission pursuant to 42 Pa.C.S. § 702(b). ***Id.***

Here, Appellant was not entitled to an appeal as of right, and he did not seek permission to appeal under 42 Pa.C.S. § 702(b). Therefore, we do not have jurisdiction to consider the appeal at 3641 EDA 2017. ***See Yingling***, 911 A.2d at 575. Accordingly, we quash.[4]

### 273 EDA 2018

In his appeal from the judgment of sentence, Appellant challenges the validity of his guilty plea. Specifically, he argues that (1) the trial court lacked jurisdiction to accept the plea; (2) the plea was unlawfully induced; (3) there was no factual basis for a first-degree robbery conviction; and (4) plea counsel was ineffective. Appellant's Brief at 3.

It is well settled that "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013). Further, an appellant seeking to challenge his guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. ***See id.*** In his first issue, Appellant argues that the trial court did not have

---

[4] On January 28, 2019, this Court docketed Appellant's *pro se* motion to disqualify both the Commonwealth's brief and the trial court's opinion. The matter was referred to the merits panel for consideration. Because we quash Appellant's appeal at 3641 EDA 2017, we also deny his motion as moot.

jurisdiction to accept his guilty plea. Appellant's Brief at 8. He asserts that the trial court did not have the authority to proceed with his case because his appeal at 3641 EDA 2017 was still pending with this Court at the time he pled guilty. *Id.*

Appellant's issue presents a question of statutory interpretation, which is a pure question of law. Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Haag***, 981 A.2d 902 (Pa. 2009).

Generally, the filing of a proper notice of appeal divests the trial court's jurisdiction over further proceedings. ***See*** Pa.R.A.P. 1701(b). However, where a defendant appeals from a non-appealable interlocutory order, the trial court retains jurisdiction and may proceed with the case. ***See*** Pa.R.A.P. 1701(b)(6). Here, because Appellant did not appeal from an appealable order, his notice of appeal did not affect the trial court's jurisdiction. ***See Bibbs***, 970 A.2d at 452; ***see also*** 42 Pa.C.S. § 702(b). Therefore, the trial court had jurisdiction to accept Appellant's guilty plea. ***See id.*** Accordingly, Appellant's challenge is meritless.

In his second issue, Appellant argues that the trial court erred by accepting his guilty plea because there was an inadequate factual basis for the robbery conviction under Section 3701(a)(1)(ii). Appellant's Brief at 9. Appellant argues that the Commonwealth did not explain how Appellant placed the victim in fear of serious bodily injury. *Id.* Appellant asserts that the colloquy did not establish that he understood the nature of the charges, as it

was "completely devoid of any description of the elements." *Id.* He also asserts that the Commonwealth sought a mandatory sentence but never explained how his actions warranted such a sentence. *Id.*

"To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Allen*, 732 A.2d 582, 588-89 (Pa. 1999). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citation and quotation marks omitted). "[N]othing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); *see also* Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

"It is clear that before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea." *Commonwealth v.*

*Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993) (citation omitted).  However, the Pennsylvania Supreme Court "has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (citation omitted).

Here, the trial court addressed Appellant's claim as follows:

The instant record reflects Appellant understood the negotiated guilty plea that he voluntarily tendered, as he was given a qualifying examination (oral colloquy), during which the undersigned and counsel for both parties clearly explained the terms of the plea agreement and conditions on sentencing. Moreover, prior to the oral colloquy, [d]efense [c]ounsel thoroughly went over a written colloquy with Appellant to ensure he understood the terms of the plea agreement and its corresponding sentencing conditions. The trial court also notes the significance of Appellant's instant claims in light of having had the opportunity to proceed to jury trial after the *voir dire* had completed and a jury was selected. Appellant, instead of proceeding to trial, chose to enter into a negotiated guilty plea and proceed directly to sentencing thereafter. Despite Appellant's apparent unhappiness with the result of his plea and his wishes to withdraw same, the negotiated plea was entered into intelligently, knowingly, and voluntarily and should be affirmed.

Trial Ct. Op., 7/11/18, at 12.

During the oral colloquy, Appellant stated that he understood that he was pleading guilty to three counts of robbery, including one count of robbery with intent to cause serious bodily injury, a felony of the first degree.  *See* N.T., Guilty Plea Hr'g, 12/14/17 at 7.  Further, the trial court explained to

Appellant that his plea included a mandatory sentence of ten to twenty years'
incarceration based on his status as a second-strike offender under 42 Pa.C.S.
§ 9714(a)(1) *Id.* Appellant indicated that he understood. *Id.*

> Appellant also agreed to the following factual basis for his plea:
>
> [Appellant's Counsel]: Sir, you understand that by entering this
> guilty plea that you are admitting that you did in fact commit a
> robbery and you placed Jasmine Mullen in fear of immediate,
> serious bodily injury, that is Count 3; do you admit that?
>
> [Appellant]: Yes.
>
> THE COURT: Just for the record, which institution was that?
>
> [The Commonwealth]: That was the Wal-Mart, Your Honor.
>
> THE COURT: At the Wal-Mart?
>
> [Appellant]: Yes.

*Id.* at 13.

> The trial court then reiterated:
>
> THE COURT: [Appellant], I just want to make sure the record is
> clear. So, [to the Commonwealth], for each of the counts, on
> Count 3 [Appellant] admitted to putting the victim in fear of
> serious bodily injury at the Wal-Mart. Could I have the address
> for the Wal-Mart, please?
>
> [The Commonwealth]: Yes, Your Honor. That address is 1000
> South Easton Road in Wyncote, PA, 19095.
>
> THE COURT: Sir, is that the location to which you are agreeing
> that you committed that crime?
>
> [Appellant]: Yes.

*Id.* at 14.

Appellant also executed a written guilty plea colloquy in which he confirmed that (1) his counsel explained each of the elements that were required to establish guilt for the crimes; and (2) he committed each of the acts necessary to establish guilt for the crimes. **See** Written Guilty Plea Colloquy, 12/14/17 at 3.

Based on our review of the record, we agree with the trial court's conclusion that Appellant's plea was knowing, voluntary, and intelligent. Appellant is bound by the statements that he made at the oral colloquy and in his written plea colloquy. **See Pollard**, 832 A.2d at 523. Therefore, the record demonstrates that Appellant was aware of the factual basis for his plea, as he clearly and unequivocally acknowledged those facts during the plea colloquy. **Id.** The record also indicates that Appellant knew that the robbery conviction would constitute a second strike under Section 9714, and that his plea included a mandatory ten-to-twenty year sentence. **Id.** Moreover, the totality of circumstances surrounding the plea supports the conclusion that Appellant knowingly, voluntarily, and intelligently entered his guilty plea. **Id.** Appellant has failed to carry the burden of proving otherwise. **Id.** Accordingly, we discern no merit to Appellant's claim.

In his third issue, Appellant argues that his guilty plea was "illegally obtained" by the trial court. Appellant's Brief at 12. He argues that the trial court "used physiological tactic[s] to obtain a guilty plea" which included ordering Appellant to dress for trial, selecting a jury without swearing them in, and then holding Appellant "downstairs for hours while his attorney kept

coming downstairs trying to induce the erroneous charges." *Id.* He asserts that the court "knew that the case was closed in the lower court and [it] had no jurisdiction." *Id.* Appellant contends that the trial court forced him to accept a guilty plea in order to "influence the outcome" of his pending appeal at 3641 EDA 2017. *Id.*

In both the written and oral colloquies, however, Appellant confirmed that it was his decision to plead guilty, and that no one "forced, threatened or promised" him anything beyond the terms of the negotiated plea deal. N.T., Guilty Plea Hr'g, 12/14/17, at 11; *see also* Written Plea Colloquy, 12/14/17, at 6. The written colloquy also contains Appellant's acknowledgement that his decision to plead guilty was based on his own free will. *See* Written Plea Colloquy, 12/14/17, at 6. Appellant is bound by these statements. *See* *Pollard*, 832 A.2d at 523.

Further, Appellant fails to identify anything in the record to support his claim that the trial court forced him to plead guilty, other than his erroneous conclusion that the trial court lacked jurisdiction and wanted to influence his *habeas corpus* appeal. *See id.* at 523. Therefore, Appellant has failed to establish that his plea was involuntary. *See id.* at 524; *see also* *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (stating that "[o]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.")

Appellant's final claim relates to plea counsel's ineffectiveness. Appellant's Brief at 13. Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013). Instead, such claims are to be deferred to PCRA[5] review. *Id.* However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Supreme Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice[;]" or (2) "there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence." *Holmes*, 79 A.3d at 577. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018) (citations omitted).

Here, the record does not indicate that extraordinary circumstances exist, or that Appellant waived his right to PCRA review. *See Holmes*, 79 A.3d at 577. Further, Appellant is not statutorily barred from seeking PCRA

---

[5] Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

relief.  **See Delgros**, 183 A.3d at 361.  Because none of the exceptions apply, Appellant's ineffectiveness claim cannot be considered on direct appeal.

Appeal at 3641 EDA 2017 quashed.  Motion to disqualify denied. Judgment of sentence at 273 EDA 2018 affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/19