J-S15006-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT E. DAVENPORT | : | |
| | : | |
| Appellant | : | No. 995 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 3, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000697-2018

BEFORE: BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: FILED MAY 27, 2020

Appellant, Vincent E. Davenport, appeals from the judgment of sentence of an aggregate term of 18 to 36 months' incarceration, imposed after a jury convicted him of patronizing prostitutes (18 Pa.C.S. § 5902(e)) and simple assault (18 Pa.C.S. § 2701(a)). We affirm.

We need not reiterate the detailed factual summary provided by the trial court in its Pa.R.A.P. 1925(a) opinion. See Trial Court Opinion (TCO), 8/20/19, at 5-10. Procedurally, we only note that on July 16, 2017, Appellant was charged with aggravated assault (18 Pa.C.S. § 2702(a)(1)), strangulation (18 Pa.C.S. § 2718(a)(1)), terroristic threats (18 Pa.C.S. § 2706(a)(1)), and patronizing prostitutes. Id. at 1. A preliminary hearing was held on July 26, 2017, at the close of which the charges of aggravated assault, strangulation,

_____

[*] Former Justice specially assigned to the Superior Court.

and terroristic threats were dismissed. Id. at 2. The charge of patronizing prostitutes was held for court at docket number CP-63-CR-0001909-2017 (hereinafter "case 1909-2017"). Id.

Pre-trial proceedings on that charge continued over the ensuing months, and a jury trial was scheduled to commence the week of March 19, 2018. Id. However, on March 16, 2018, the Commonwealth filed a petition to nolle prosequi (hereinafter "nol pros") the charge of patronizing prostitutes, stating that it would be "refiling all charges." Id. at 3. The court issued an order granting the Commonwealth's petition that same day, and the Commonwealth immediately "filed another criminal complaint against Appellant[,] which contained facts and charges identical to the initial complaint filed on July 16, 2017[,]" but for the addition of the charge of simple assault. Id. Those charges were docketed at the present case number of CP-63-CR-0000697-2018 (hereinafter "case 697-2018"). Id.

Thereafter, Appellant filed a petition for writ of habeas corpus, averring that the court's granting the Commonwealth's petition to nol pros the charge in case 1909-2017 did not comply with 42 Pa.C.S. § 8932 because it was not entered in open court. Thus, Appellant asked the court to dismiss the refiled charges in the present case. On March 5, 2019, the court issued an order denying Appellant's petition. His jury trial commenced on March 12, 2019, and, that same day, he was convicted of patronizing prostitutes and simple assault, and acquitted of the remaining offenses. On June 3, 2019, the court sentenced Appellant as stated supra.

- 2 -

Appellant filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On August 20, 2019, the court filed its Rule 1925(a) opinion. Herein, Appellant states three issues for our review:

> 1. Whether the trial court erred in denying Appellant's Petition for Writ of Habeas Corpus, which alleges that allowance of a [n]ol[] [p]ros[] by the Commonwealth violated … Appellant's due process rights?
>
> 2. Whether the Commonwealth's refiling of the charges immediately after a [n]ol[] pros[] constituted an effort to harass … Appellant and/or was prejudicial to the rights of [Appellant]?
>
> 3. Whether previous counsel was ineffective rising to the level of extraordinary circumstances where the ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice?

Appellant's Brief at 7.

Before examining Appellant's issues, we address the Commonwealth's argument that we should dismiss his appeal because, in Appellant's brief, he states that he is appealing from the court's March 5, 2019 order denying his pre-trial petition for writ of habeas corpus, which is not an appealable order. See Commonwealth's Brief at 6-7; Appellant's Brief at 5, Appendix A; Commonwealth v. Yingling, 911 A.2d 572, 574 (Pa. Super. 2006) ("An order denying pre-trial habeas corpus relief is not a final order but, rather, is an interlocutory order and, thus, is not immediately appealable by right."). The Commonwealth contends that "Appellant's failure to appeal the [s]entencing [o]rder of June 3, 2019[,] should preclude him from any such

appeal because the 30-day time[-]limitation for filing such an appeal has lapsed." Commonwealth's Brief at 7.

We disagree. Appellant did not file his notice of appeal immediately after the March 5, 2019 order denying his habeas petition but, instead, he appealed following the imposition of his sentence. Furthermore, in Appellant's notice of appeal, he stated that he is appealing from his June 3, 2019 judgment of sentence. We recognize that Appellant also incorrectly stated in his notice that he is appealing from the March 5, 2019 order denying his writ of habeas corpus, and the March 12, 2019 jury verdict. Clearly, Appellant's notice of appeal should have only referred to his judgment of sentence. See Pa.R.A.P. 904. However, while technically incorrect, we interpret Appellant's notice of appeal as conveying that he is appealing from his judgment of sentence, and that he intends to challenge the court's pre-trial order denying his petition for writ of habeas corpus, as well as his convictions. Therefore, we decline to dismiss his appeal.

In Appellant's first issue, he avers that the court erred by entering the order granting the Commonwealth's petition to nol pros the charge in case 1909-2017. He insists that 42 Pa.C.S. § 8932 and Pennsylvania Rule of Criminal Procedure 585 require a nol pros "to be entered in open court and requires court approval." Appellant's Brief at 16, 17. Appellant maintains that the court's failure to decide the nol pros petition in open court deprived him of "the opportunity to make statements on his behalf, or to object" to the entry of the nol pros and, therefore, it was improper. Id. at 17.

The Commonwealth insists that Appellant has waived this issue for our review because

> [t]he arguments ... Appellant raises in his [b]rief regarding the [nol pros] should have been raised in a timely appeal of that March 16, 2018 order which granted the [nol pros]. The failure of ... Appellant to file a timely appeal [from] that order should act as waiver of any issues regarding that [nol pros]. To illustrate this point, in the case sub judice ([]697-2018), the Commonwealth never sought[,] nor did the [c]ourt grant[,] a [p]etition for [nol pros]. Yet ... Appellant is attempting to argue issues regarding the [nol pros] order as if it was granted in []697-2018. This is a clear attempt to resurrect an issue which was never challenged with a timely appeal in the case in which the order was actually granted.

Commonwealth's Brief at 7.

We agree with the Commonwealth. The March 16, 2018 order granting the nol pros in case 1909-2017 was final and appealable. See Commonwealth v. Rega, 856 A.2d 1242, 1245 (Pa. Super. 2004). It is clear that Appellant's first issue directly and solely attacks the validity of that order. However, the present appeal is not from that order, but from Appellant's judgment of sentence entered in his second, and completely separate, case docketed at 697-2018. Therefore, Appellant's attempt to challenge the March 16, 2018 order entered in case 1909-2017 is waived.[1]

Regarding Appellant's remaining two issues, we have reviewed the certified record, the briefs of the parties, and the applicable case law. We have also considered Judge Costanzo's detailed analysis of these claims in her

_____

[1] Nevertheless, even if we could review Appellant's challenges to that order, we would discern no reversible error for the reasons set forth by the Honorable Valarie Costanzo of the Court of Common Pleas of Washington County in her Rule 1925(a) opinion. See TCO at 11-16.

opinion. See TCO at 11-22. We conclude that Judge Costanzo's well-reasoned decision adequately addresses the arguments raised by Appellant herein.[2] Therefore, we adopt Judge Costanzo's opinion as our own regarding Appellant's second and third issues, and we affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2020

_____

[2] We only add that we disagree with the Commonwealth's claim that Appellant waived his second issue by not appealing from the March 16, 2018 order entered in case 1909-2017. In that issue, Appellant challenges the Commonwealth's refiling of the charges in the present case, claiming that the Commonwealth acted with the intent to harass him, and "clearly caused him prejudice and unnecessary delay of the charges facing him." Appellant's Brief at 20. Appellant preserved these claims in his pre-trial petition for writ of habeas corpus and, therefore, his second issue is not waived for our review.